Curia.

We are all of opinion that, where the sheriff is sued for an injury done by his deputy to the person or property of another, trespass, and not case, is the proper action. The plaintiff has his election to sue the sheriff or his deputy; but the action must be the same against either. For the act is considered in law to be done, directly and personally, by the sheriff himself; which differs it from the case of a master called to answer for the wrongs of his servant in his employment (6).
Trespass vi et armis lies against the sheriff for taking the property of B, upon an execution against A. [Doug. 40.] (7). The same principle was settled in the case of Grinnell vs. Phillips, which was mentioned in the argument. In general, the true distinction is, when the injury is done directly by the person sued, the action should be trespass; when it is consequential, as when done by a servant, and the master is sued on account of his liability for the acts of his servant, case is proper. Here the sheriff is considered as having done the wrong himself, and is not consequentially but directly answerable. Where trespass is the proper action, case does not lie (8).

Plaintiff nonsuit.

 [ Quaere de hoc. For the deputy sheriff, in consequence of his appointment, derives his general authority from the law, and does not act in purs nonce of special instructions from the sheriff in each case.—En.]

 [Commonwealth vs. Kennard, 8 Pick. 133.—Ed.]

 [This is not universally true.—1 B. & C. 145.—2 D. R. 251 —1 Chit. PI. 159 6th London edition.—Ed.]