JUDGE PRYOR
delivered the opinion op the court.
This is an action for a debt evidenced by a judgment rendered by a justice of the peace in the state of Ohio. It is alleged in the petition “that one John H. Koelker instituted an action before a justice of the peace (naming him) in and for the county of Hamilton, in the state of Ohio, against J. B. McElfatrick, the present appellant, to recover the sum of one hundred and eighty dollars; the appearance and defense thereto by the defendant; the jurisdiction of the justice; and the rendition of the judgment for the amount in controversy; its assignment by Koelker to the appellees, Taft & Son; and that the judgment is in full force and unsatisfied,” etc.
The defense relied on was the plea of ml tiel record, and upon a submission of the law and facts to the court a judgment was rendered for the appellees.
Upon the trial the appellees offered to read as evidence the record of the proceedings before the justice, upon the latter’s certificate:
“ The foregoing is a true and correct transcript of the proceedings had before me at my office, as the same appears on my docket. (Signed) .Beie C. TeuEj

Justice of the Feme.”

*162 There is annexed thereto a certificate by H. H. Winker, the clerk of the court of common pleas, under the seal of that court, that True at the time was an acting justice, duly and legally elected and qualified, and that full faith was due to his official acts. Then follows a certificate of the presiding judge of the court of common pleas that H. H. Winker was the clerk of the common pleas court, that it is a court of record, and that the attestation of the clerk is in due form, etc.
It is not pretended that the writing exhibited, purporting to be the record of the proceedings before the justice, has been authenticated as prescribed by the act of Congress or the law of this state, as neither the clerk nor judge of the common pleas court have any connection with the court held by the justice, or are entitled to the custody of the latter’s records.
The constitution provides that “full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof.”
The, law of Congress provides that the records and judicial proceedings of the courts of any state shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed' (if there be a seal), together with the certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the attestation is in due form. When thus authenticated full faith and credit must be given them as they have by law or usage in the courts of the state from whence the said records are or shall be taken. The statute of this state with reference to the mode of authentication is but a re-enactment of the law of Congress on the subject.
There is a great diversity of opinion among jurists on this question not only as to the competency of such evidence, but as to its effect when admitted. In Ohio, where this judicial *163 proceeding was had, the record of a judgment rendered by a justice of the peace in another state, and so certified by that officer, is not received as evidence, unless it first appears, by other evidence than the record, that he is a justice, and had jurisdiction of the matters involved. When this is shown the record is deemed conclusive. (Silver Lake Bank v. A. & S. Harding, 5 Ohio Rep. 547.)
In the case referred to the defendant pleaded nul tiel record, payment, and nil debei. The plaintiff filed a demurrer to the last plea (nil debei), and the Supreme Court of Ohio held on appeal that the demurrer to this plea should have been overruled, upon the ground that such a tribunal was of inferior jurisdiction, and not a court of record; and therefore other evidence must be adduced that the person who certifies is a justice than that officer’s own certificate. •
In the case of Thomas v. Robinson (3 Wend. 267) it was held that courts of justices of the peace were not courts of record; but when their authority to act judicially is shown, as well as their jurisdiction, such proceedings are then entitled to full faith and credit.
The plea of nil debet was also filed in this last case, and the pleader must readily perceive the objection-in permitting the plea of nil debet to a record that when established as such is conclusive as to the rights of the parties to it. The language of this plea puts in issue the existence of the debt, as non-assumpsit would in an action of indebitatus assumpsit. (1 Chitty’s Pleadings, 481.)
In debt on a record nil debet is not a good plea, but is sufficient to an action of debt on a foreign judgment, because such judgments are not regarded as records. Nul tiel record is a good defense where a record is the foundation of the action, but is not a good plea in a case where at common law nil debet might be pleaded.
It is evident that the act of Congress relates only to records' *164 of courts having general jurisdiction, and not to inferior courts with limited judicial power, and are not regarded even in states where they are organized as courts of record.
In the case of Warren v. Flogg (2 Pickering) it is said by Parker, Justice, “that justices’ courts being left unprovided for by the constitution or laws of the United States, they stand on no better footing than foreign judgments, being not more than prima facie evidence of -debt, and liable to be defeated in their operation under the plea of nil debet” as foreign judgments are.
In the case of Robinson v. Prescott (4 N. H. 454) it is said “that the judgment of the justice in Vermont is a foreign judgment, and as such leaves the whole result of the case open to examination.” In that case the defendant offered to prove payment before the judgment was rendered in Vermont, and the court held that it was proper.
In the case of Martin v. Bickford (6 N. H.) Parker, Justice, held the same doctrine, and adjudged that the ordinary rules for authenticating the judgments of foreign tribunals were applicable.
In the case of Graham v. Briggs & Meredith (3 Harrington, Del.) a demurrer was entered to the plea of nil debet. The court held that judgments of justices of the peace of other states are of no greater dignity than judgments of foreign courts, and'that in an action of debt rendered on a judgment in another state nil debet was a proper plea. The plea of nul tiel record is not a good plea in this state to' such an action, as it is no denial of the indebtedness.
It appears from the petition that a justice of the peace rendered the judgment, and the legal presumption is that it was not a court of record. Nor is the plea of nil debet a defense to the action.
Under our present system of pleading every material fact alleged in the petition and not denied by the answer must *165 be taken as true. The institution of the action in Ohio before the justice, that officer’s jurisdiction, the appearance and defense by the appellant, the judgment and its non-payment, are facts undenied by the answer, and the appellee was entitled to a judgment as if no answer had been made. The writing offered as evidence with only the certificate of the justice, and the certificate of the clerk and judge of the common pleas court annexed, neither of whom had any connection with the justice’s court or his records, should have been rejected.
The verity of such judicial proceedings may be established by an exemplification of a copy under the seal of the state, or by a copy proved to be a true copy by a witness who has compared it with the original (1 Greenleaf, 649); or, as said by Justice Parker in the case of the Commonwealth v. Green (17 Mass. 243), “such records may be proven by testimony, as any other facts are proved. The jurisdiction may be shown by the production'of the statute conferring it, or by the testimony of those instructed in the laws of the state from which the proceedings came.” (I Greenleaf, 627.)
In the case of Scott v. Cleveland (3 Mon. 62) the record of the justice was-admitted upon the ground, as stated in the opinion, that the record was authenticated as required by the act of Congress. If not a court of recor'd, however, it could not have been so certified, and the court must have overlooked the fact that such tribunals were not embraced by the act of Congress.
As to the effect of judgments in personam in a state other than that in which the judgment was rendered, the weight of authority regards them as prima fade evidence, and if so, in the language of Justice Story, “it would be a mere delusion if the defendant might still question the judgment by opening any or all of the original merits on his side, for under such circumstances it would be equivalent to a new trial. The *166 defendant may impeach such a judgment by showing that the court had no jurisdiction, or that he was never served with process, or that it was procured by fraud, etc. (Story’s Conflict of Laws, 607; Greenleaf on Evidence, 679.)
It seems to us that this is the correct rule on the subject. When the parties have been duly summoned, and a judgment pronounced in the regular course of judicial proceedings, recognized as such where the judgment is rendered, justice and right to the parties interested as well as the state in which the proceedings are had requires that the judicial tribunals of other states should give such faith and credit to them as to prevent any other litigation of the same matters by requiring the plaintiff or defendant to make out the cause of action or defense as if no trial had ever taken place.
It results, however, in this case that although the transcript from the justice’s court was incompetent, for the want of proper authentication or proof showing it to be a true statement of the proceedings before him, still/ as there was no defense to the action, the appellee was entitled to his judgment, and the same is therefore affirmed.