## OLIVE RHEA

v.

## GEORGE W. POWELL.

*Attachment—Capital Stock of Corporation.*

Shares of stock in a corporation are not subject to attachment under the statute of this State.

[Opinion filed November 23, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. LINCOLN BROOKE and E. WALKER, for appellant.

Mr. I. K. BOYESEN, for appellee.

McALLISTER, J. This is an appeal by Rhea, the plaintiff below, in a suit by attachment against appellee, brought January 5, 1885, in which the defendant traversed by plea the facts of the affidavit for the attachment, and upon that issue the court, before whom the case was tried without a jury, found for the defendant and gave judgment accordingly.

It is insisted, upon argument here for the appellant, that such finding was against the law and the clear preponderance of the evidence. The issue as tried was, whether the defendant had, or was about to, fraudulently dispose of property with the intent and so as to hinder, delay and defraud his creditors, of whom plaintiff was one. It appears that the attachment was levied upon 210 shares of stock in a manufacturing corporation, standing in the name of the defendant on the books of said company, and on no other property.

The theory of the plaintiff in support of said issue was, that a specific lien upon said shares having been acquired by such levy, the defendant had, soon after such levy, transferred ten shares of said stock of the face value of $100 each to one Kinsey to secure an antecedent debt which he owed to the

latter; that this was a fraud *per se*, and the presumption must be that it was in pursuance of a prior intent and purpose to hinder and delay plaintiff in the collection of her debt, he having previously assigned or pledged all the other of such shares to *bona fide* creditors, and it did not appear that he had any other property.

The counsel for appellant assume that a specific lien upon the shares of stock was acquired by the levy of the attachment. Were they correct in that assumption? After a careful examination of our statutes and due consideration of the principles of law applicable to such a case, we are of opinion that no lien was acquired thereby.

It is well settled that shares of stock in a corporation were not leviable at common law. Denton v. Livingston, 9 Johns. 96; Williamson v. Smoot, 7 Mart. O. S. (La.) 31. "But shares in a turnpike, or other incorporated company, are not chattels. They have more resemblance to choses in action, being merely evidence or property. The sale of them upon execution not being justifiable at common law, the statute must be strictly pursued to give any property to the purchaser." Parker, C. J., in Howe v. Starkweather, 17 Mass. 243.

It is equally well settled that a proceeding by attachment has no existence at common law, but is authorized solely by statute and is in derogation of the common law. Hence, the proceeding must, in all essential particulars, conform to the statute of its creation, or be invalid. Haywood v. Collins, 60 Ill. 328, and cases there cited; Waples on Attach. 24. On page 270 that author says: "It may be said that except so far as statutes expressly authorize the taking of promissory notes, bonds, certificates of stock, accounts, title deeds to lands, book accounts and other evidences of debt or property, such things are not attachable on general principles, because their presence in court is not the presence of the debts or property which they evidence or indicate." And he cites numerous cases in support of the text, among them that of Prout v. Grout, 72 Ill. 456.

The Attachment Act of this State does not expressly authorize a levy upon shares of stock, nor attempt to prescribe any

method by which levy can be made.    Such levy was therefore unauthorized.    Foster v. Potter, 37 Mo. 526; Van Norman v. The Circuit Judge of Jackson County, 45 Mich. 204.    In the last cited case, the statute authorizing the levy of an *execution* upon shares was precisely like that in this State; and the court held that it was insufficient to authorize the levying of the *attachment.*

But aside from the want of statutory authority to levy an attachment upon such shares of stock, we think the evidence failed to show, by any clear weight and preponderance, that the defendant did in fact make the transfer of ten shares to Kinsey after the beginning of the attachment suit.    It tended strongly to show that defendant had agreed to do it before he had any notice or knowledge that the bringing such suit was contemplated and that it was in good faith for a *bona fide* debt. The judgment below should be affirmed.

*Affirmed.*