## Case No. 15,191.

### UNITED STATES v. GATES.

[2 N. Y. Leg. Obs. 8; 8 Law Rep. 465.]

District Court, S. D. New York. Dec., 1845.

PENAL ACTION—FORMER CONVICTION.

A person who has been convicted and punished by fine and imprisonment for smuggling goods on shore in violation of the provisions of the act of August 30, 1842, § 19 [5 Stat. 565], is not liable to an action to recover the penalty imposed by the statute of March 2, 1799, § 50 [1 Stat. 665], for landing them without a permit.—the act complained of in the two cases being the same.

[Distinguished in Re Leszynsky, Case No. 8,279.]

This was an action under the 50th section of the act of congress of March 2, 1799, which provides that no goods brought in any vessel from any foreign place may be unladen within the United States but between the rising and the setting of the sun, except by special license of the collector. &c.. nor at any time without a permit; and the landing thereof under any other circumstances is prohibited under a penalty of $400 against the person in command of the vessel at the time. and every other person knowingly concerned or aiding therein. and certain disabilities therein mentioned against such persons.

The United States sued for the above penalty, alleging the landing of the goods [from the packet ship Oxford, from Liverpool, defendant being then in command of said ship][1] in question without a permit. The defendant pleaded specially that since the landing of said goods he had been indicted by the United States in the circuit court of this district, under the act of 1842, for smuggling and clandestinely introducing said goods into the United States without paying or accounting for the duties due thereon according to law, and that he pleaded guilty to such indictment, and was by said court sentenced to pay a fine of two thousand dollars and be imprisoned thirty days; that he paid such fine and bore such imprisonment; and that the acts for which he was so indicted and committed and sentenced are the same acts for which this action is brought to recover the above named penalty. To this plea the United States demurred. The defendant joined in demurrer. The cause came on for argument before the Honorable S. R. BETTS, United States District Judge, on the 28th day of October, 1845.

The Hon. Benjamin F. Butler, attorney for the United States, with whom was F. A. Marbury, relied on the following points:

I. The facts set forth in the second plea, and which are admitted by the demurrer, constitute no valid bar to the action of the plaintiffs. (1) The unlading and delivery of goods without a permit from the collector (section 50, Act March 2, 1799) is an offence entirely distinct from the fraudulent introduction of goods into the United States (section 19, Act Aug. 30, 1842), for which the defendant has been indicted and punished as set forth in his plea. The former offence may be committed in respect to free goods; the latter only concerns such as are dutiable. A party might unlawfully unlade goods, and thus incur the penalties of the law of 1799, without that fraudulent intent which would be necessary to conviction under the law of 1842. The punishment attending the violation of the former differs from that prescribed in the latter. (2) The two statutes are at most only cumulative. The former is not repealed by the latter, neither being incompatible with the existence and operation of the other.

II. There is no merger. The ancient feudal doctrine of the merger of a private wrong in a felony is not applicable to the civil polity of this country, and has never been adopted in our system of jurisprudence. Plummer v. Webb [Case No. 11,234]. But, if this doctrine were recognized by our courts, it could not affect this case, as the law of 1799 was devised for the protection of a public right, and the infringement of its provisions is therefore a public wrong. Nor is the violation of the law of 1842 made felony; it is, on

the contrary, expressly declared to be a misdemeanor.

Charles A. Peabody, contra.

Though there are no cases in point which I have been able to find, yet, upon general principles, the defendant is not liable to this second action for another offence in the same act for which he has already been punished at the suit of the same party (the United States). The rights of the United States against the defendant have been satisfied, and his liability discharged, by a compliance with the former sentence of the court. In a suit for money, if a judgment were obtained for the same cause, and paid, the fact pleaded would be a good bar to a subsequent action for the same cause, however the action (as in this case) might differ in form. In criminal law the maxim is familiar, that "no man shall be twice put in jeopardy for the same offence." Moreover, it cannot be supposed to have been the intention of congress that the two acts should be enforced in the same case, for one and the same offence. They could hardly have intended to cumulate penal consequences in this manner. On the contrary:

I. The statutes were intended for different cases, and the act of 1799 was intended to apply to those cases in which the landing was only in violation of that statute, but without any fraud or fraudulent intent upon the revenue of the United States. Whenever the fraud or fraudulent intent made a part of the offence, the act of 1842 applied, but the act of 1799 did not; and, on the other hand, when the landing was without such fraudulent intent upon the revenue, this act (of 1799) was violated, and the remedy provided by it was the legitimate remedy.

The counsel for defence admitted the position of the plaintiff, that the latter did not repeal the former statute, and also that the doctrine of the merger of the civil remedy in the felony was not a part of the common law of this country, it having had its origin in England, in the necessity of the case, where the entire property of any one convicted of felony was forfeited and confiscated, and the civil remedy of the individual lost. But the case at bar does not depend upon either of these positions. Neither this nor the former suit was for damages sustained. The case at bar is more nearly analogous to the doctrine of merger as applied to a lesser offence, where the acts constituting it go to make up a greater. He cited the cases of robbery, assault with intent to rob, and assault and battery. In every robbery there is an assault with intent to rob, and usually an assault and battery, and one guilty of the first is literally guilty of the one or both of the others; and yet it will not be contended that, in a case where all these concur, the offender, having been punished for robbery, is liable for an assault with intent to rob, or that, having suffered for the latter, he could properly be

proceeded against for an assault and battery. The lesser would be merged in the greater offence, and, having suffered for the latter, he would not be liable for the former. On the other hand, if indicted for assault and battery, and on the trial the evidence should show death caused by the assault and battery, so that the accused was guilty of murder, the less would doubtless be merged in the greater offence, and on this appearing on the trial the proceedings under the indictment would be dismissed. The two remedies in the case at bar are in behalf of the same plaintiffs. Both are for the commonwealth. The offences complained of are against the rights of the same parties, and concur in the same act, and neither is for damages. The goods were landed without a permit (the offence forbidden in the act of 1799), and with intent to defraud the revenue of the United States (the offence prohibited in the act of 1842). In one suit he has been punished for the act with the intent. In this it is sought to punish (more mildly) for the act alone, without the wrong intent,—the mere landing, independently of any intent to defraud the revenue.

II. On general principles there can be only one punishment for the same act,—one satisfaction for one debt. The United States having enforced one remedy, their claim against defendant is satisfied,—extinguished. He has fulfilled the law by bearing the sentence thereof. The demand of the United States having been paid, they have no further claim on defendant for the single act which forms the foundation of both their claims. This doctrine is analogous to that of satisfaction of a debt or liability by payment in a civil suit, —a former conviction in criminal law. In this case the first suit was criminal in its form, but this is a civil action. The law in either case, being complied with, is satisfied.

On either of the above grounds the plea is good, and this action cannot be maintained.

BETTS, District Judge. The question raised by the demurrer in this case is substantially whether a person convicted and punished by fine and imprisonment for smuggling goods on shore in this port (thus landing them without a permit) is liable also to an action for $400 penalty for such landing. The act of March 2, 1799, § 50, provides that no goods brought in any vessel from any foreign place may be unladen within the United States, but between the rising and the setting of the sun, except by special license from the collector of the port and naval officer, where there is one, nor at any time without a permit from the collector and naval officer, if any, for such unlading, and, if goods shall be unladen from any such vessel contrary to the directions aforesaid, the master and every other person who shall knowingly be concerned or aiding therein, &c., shall forfeit and pay each and severally the sum of $400 for each offence; and shall be disabled from holding any office of trust or profit under the United States for

a term of not exceeding seven years, and the collector shall advertise the names of such persons, &c., &c.; and all goods so unladen or delivered shall become forfeited and may be seized by any of the officers of the customs, and, when of the value of $400, the vessel, tackle, and furniture shall be subject to like forfeiture. The United States sue for the above penalty, alleging the landing of the goods in question without a permit. The defendant, by plea thereto, avers that he has since such landing, &c., been indicted by the United States therefor in the circuit court of this district, under the act of 1842, and has been by said court, on his plea of guilty to such indictment, sentenced to pay a fine of $2,000 and be imprisoned 30 days in punishment of said offence; and that the sentence in both particulars has been satisfied; and the acts for which he was so convicted and indicted are the same acts mentioned in the declaration in this case. To this plea the United States demur, and the broad question is whether an offender so circumstanced is liable to be proceeded against under the provisions of the two statutes.

On the argument the sufficiency of the plea to establish the fact that the transaction for which the two prosecutions were instituted was one and the same was objected to; but I think it sufficiently certain to a common intent, and shall consider the case as if the plea stood clear of all exception in alleging the identity of the acts involved in the two punishments. By the act of August 30, 1842, § 19, it is enacted, "If any person shall knowingly and willingly, with intent to defraud the revenue of the United States, smuggle or clandestinely introduce into the United States any goods, wares, and merchandize subject to duty by law, and which should have been introduced without paying or accounting for the duty, &c. &c., every such person shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not exceeding $5000, or imprisoned for any term of time not exceeding two years, or both, at the discretion of the court."

It is manifest upon the comparison of these two provisions that the latter is not inconsistent in every respect with the former, nor is it so far applicable to a like state of facts as to import an intention in the legislature to repeal or supersede the prior enactment, because the acts which are subject to the operation of the respective statutes are not identical in all particulars, and furthermore because the forfeiture of the goods and vessel may still be inflicted. 1st. The offence under the act of 1799 is committed, though the goods landed be not subject to duty, but not where a permit is granted, although there may be deception or smuggling under it, nor unless the goods are unladen from some vessel. 2d. The offence, under the act of 1842, may be committed notwithstanding a permit for landing,

but not for clandestinely landing goods which are not dutiable. The offence is also complete by bringing in clandestinely by any other means, than landing from vessels. These instances, independent of others which may be designated, show that the 50th section of the act of 1799 may still be in force and operation in relation to many particulars without being touched or interfered with by the provision of the 19th section of the act of 1842. But, when both apply to identically the same state of facts, can both be enforced, or does the latter supersede the former and supply the whole law applicable to such particular cases?

In the case of U. S. v. One Case of Hair Pencils [Case No 15,924], Judge Thompson discusses the doctrine of the repeal of one statute by force of the enactment of a subsequent one on the same subject-matter. In most cases, he says, the question resolves itself into the inquiry, what was the intention of the legislature? Did it mean to repeal or take away the former law, or was the new statute intended as merely cumulative? 6 Davies, Abr. 594, § 9. The courts, in examining the questions as they present themselves on this subject have fixed upon various incidents as indicative of the legislative purpose, and rendered them probably legal presumptions, which are to be regarded as fixing the intent. 6 Dana, 591; 6 Bac. Abr. "Statute" D, M; Dwar. St. 674, 675; 21 Pick. 373; 5 Mass. 380. So Judge Thompson adverts to some criteria decisive of the purpose of the legislature to introduce a new law not cumulative to the former, but revoking and supplanting it, as when the latter act on the same subject-matter introduces some new qualifications or modifications, or is affirmative in its character [U. S. v. One Case of Hair Pencils, Case No. 15,924], though it is well settled that subsequent statutes, which add cumulative penalties merely, do not repeal former statutes (1 Com. 298, per Lord Mansfield). The act of 1799, § 50, prohibits the landing of goods, &c., under a penalty, and, moreover, denominates it an offence. Ordinarily mere statutory penalties are to be sued for and recovered by action of debt. 5 Dana, 243, 260; Jacobs v. U. S. [Case No. 7,157]. But information will also lie, when no method is prescribed by the statute for recovery of the penalty. Adams v. Wood, 2 Cranch [6 U. S.] 336. And it would seem that the party may, at the election of the government, in place of a suit, be indicted and fined to the amount of the penalty (1 Chit. Cr. Law, 162), unless the special mode of remedy is pointed out by the statute (Bac. Abr. "Indict," E; Rex v. Sainsbury, 4 Durn. & E. [Term R.] 457; Hollingworth's Case, Cro. Jac. 577. If the defendant in the case had been before indicted on the 50th section and fined the amount of the penalty, and then this action for the penalty was instituted, it can scarcely be questioned that the plea sets up a complete bar to such proceeding; the averment of facts showing that the one case, in all its particulars. is involved in the other. It is laid down by Baron Gilbert that, if the party hath once been fined in an action on the statute, such fine is a good bar to an indictment, because by the fine the end of the statute is satisfied Bac. Abr. "Statute," E. It appears thus to be clearly the law, when the proceedings are founded upon the same statutory penalty, that the government is restricted to a single exaction of the penalty. whether enforced by action or indictment. It is not perceived that any distinction in principle can be drawn between inflicting punishment for the same offence, by different modes of prosecution under an enactment, or by applying to the case enactments in separate statutes, all having relation to precisely the same subject matter.

The principle upon which the plea autrefois acquit, or autrefois convict, is founded, is that no man shall be placed in peril of legal penalties more than once upon the same accusation. 1 Chit. Cr. Law, pp. 452, 462. And this applies to misdemeanors as well as felonies, except that, if the plea is found against the defendant in cases of felony, the judgment is respondeat ouster, but, in case of misdemeanor, is final. Id. pp. 451, 461, 462. The government will be restricted to one satisfaction for an offence, whether the punishment be pecuniary or corporeal, unless the legislature, in explicit and in indubitable language, exact a further one.

It is true the courts do not favor constructive repeals of statutes and look for some marked inconsistency between the two, before one is held revoked by implication by the other. 9 Cow. 437; 5 Hill, 221; Dwar. St. 675. But when one act points out a particular punishment for an offence, and a subsequent act prescribes a different punishment, the latter is held to control the former, and supply the sole rule to be administered. Nichols v. Squire, 5 Pick. 168; Com. v. Kimball, 21 Pick. 373; Rex v. Cator, 4 Burrows, 2026. In the first of these cases the court say when the legislature imposes a second penalty for an offence, either larger or smaller than the former one, the party cannot be allowed to sue for either, at his option. He is confined to the one last enacted. This, it is to be observed, was a civil action for a penalty. 1 Pick. 168. And the same rule obtains in all qui tam actions, or those sounding in tort. 3 Wils. 308, and cases cited. The supreme court of Massachusetts repeat the doctrine with emphasis, in the case of indictment for an offence punishable by fine. There the forbidden act was prohibited by the first statute under penalty of $20, and the second prohibited the same act under the penalty of not more than $20 nor less than $10, and the court held that the prosecution must be under the subsequent act alone. 21 Pick.

373. It is of no moment whether or no, in this case, the provisions in the act of 1842 be held a technical repeal of that part of the 50th section of the act of 1799 applicable to the subject. The latter enactment controls the former, and supplies the only punishment that can be inflicted for the offence pointed out by it. Howe v. Starkweather. 17 Mass. 243.

The facts declared upon as the foundation for the penalty demanded by this action, then, being the same for which the defendant has already been indicted and punished, I hold that the action cannot be maintained, and that the plea is a good bar thereto, both because, the United States having obtained judgment and inflicted punishment upon the defendant for an offence, they are prohibited by general principles of law from prosecuting him again for acts constituting the same offence, or, in other words, which, if proved, would call for his conviction of that offence, and because the punishment provided by the 19th section of the act of 1842 is not cumulative, and to be imposed in addition to that prescribed by the 50th section of the act of 1799, but is quoad hoc a substitution for, or repeal of, the latter.

Judgment is accordingly given for the defendant, and against the demurrant.