UNITED STATES *v.* FRY.

*(District Court, E. D. Louisiana. January 14, 1892.)*

VIOLATION OF CUSTOMS LAW—LANDING "MERCHANDISE."

The compass of a steam-ship, being part of its apparel and tackle, is not " merchandise," within the meaning of Rev. St. U. S. § 2873, imposing a punishment upon the master of a vessel for being concerned in landing any merchandise without the permit required by the preceding section. *U. S.* v. *Chain Cable,* 2 Story, 362, followed.

At Law. Information against F. G. Fry, master of the steam-ship Rhine, for a violation of the tariff laws. Judgment for defendant.

*Wm. Grant,* U. S. Dist. Atty.

*Ernest T. Florance,* for defendant.

BILLINGS, J. This is an information whereby the United States seeks to recover $400 from the defendant, who was master of the British steamship Rhine, as a penalty for a violation of section 50 of the act of 1799, (sections 2872–2874, Rev. St.[1]) The case shows that the defendant was master of the Rhine; that a compass, which was a part of the apparel and tackle of the vessel, being by law a necessary adjunct of the life-boat, was, without the knowledge of the master, stolen by one of the mariners, and taken on shore without any permit, and not in open day. The question submitted by the defendant's attorney is whether the com-

---

[1] Section 2872 provides: "Except as authorized by the preceding section, no merchandise brought in any vessel from any foreign port shall be unladen or delivered from such vessel within the United States but in open day,—that is to say, between the rising and the setting of the sun,—except by special license from the collector of the port and naval officer of the same, where there is one, for that purpose, nor at any time without a permit from the collector and naval officer, if any, for such unlading or delivery." Section 2873 provides that, "if any merchandise shall be unladen or delivered from any vessel contrary to the preceding section, the master of such vessel, and every other person who shall knowingly be concerned" therein, shall be liable to a penalty, etc. Section 2874 provides that "all merchandise so unladen or delivered," contrary to the preceding sections, shall be forfeited, etc.

pass was merchandise, within the meaning of section 2873 of the Revised Statutes. This question was decided by Justice STORY in *U. S.* v. *Chain Cable,* 2 Story, 362, against the United States. He held that appurtenances or equipments of a ship are not merchandise. I find no authority to the contrary. On the other hand, the defendant's counsel has cited several authorities tending to establish that merchandise includes only cargo. My conclusion is that the judgment must be in favor of the defendant.