JOHNSON v. WILLAPA LUMBER CO.

(Circuit Court of Appeals, Ninth Circuit. October 18, 1909.)

No. 1,685.

APPEAL AND ERROR (§§ 691, 702*)—QUESTIONS PRESENTED FOR REVIEW—LIMITATION BY OMISSIONS FROM RECORD.

Assignments of error relating to the admission of evidence or the instructions to the jury cannot be considered, where the record contains only a portion of the evidence and the charge of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2900–2904, 2936–2938; Dec. Dig. §§ 691, 702.*]

In Error to the Circuit Court of the United States for the Western Division of the Western District of Washington.

Action by the Willapa Lumber Company against J. J. Johnson. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Abel, for plaintiff in error.

Chas. E. Miller, Ralph Woods, George H. Whipple, and Chickering & Gregory, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

*For other cases see same topic & §-NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MORROW, Circuit Judge. This was an action at law, brought by the defendant in error, Willapa Lumber Company, a corporation organized and carrying on business under and by virtue of the laws of the state of Iowa, against J. J. Johnson, plaintiff in error, a citizen of the state of Washington, to recover damages for breach of contract to deliver to the defendant in error at its mill boom 5,000,000 feet of fir logs at $5.75 per 1,000. The plaintiff in error having delivered 2,-172,318 feet, the suit was to recover the damages for his failure to deliver the quantity of logs provided in the contract. The trial of the case before a jury resulted in a verdict and judgment in favor of the defendant in error for the sum of $10,603.80. The assignments of error relate to the admission of evidence and instructions to the jury.

It is recited in the bill of exceptions that the testimony contained in the record "is only a portion of the testimony adduced upon said trial relating to the matters mentioned therein by the defendant." It is further recited that:

"In the general charge and instructions of the court to the jury, delivered after all arguments of counsel had been made, the following language was used by the court, the same being only a small fraction of what was said by the court in that behalf: 'There was a breach of the contract, and the court instructs you that the plaintiff is entitled to have a verdict for at least nominal damages.'"

In the absence of the testimony introduced upon the trial of the case in the court below, and the instructions of the court to the jury, there is no record upon which this court can review the action of the court with respect to the matters assigned as error.

The judgment of the Circuit Court is affirmed.