### ROBINSON v. STEARNS et al.

(Circuit Court of Appeals, Third Circuit. May 6, 1913.)

#### No. 1,696.

APPEAL AND ERROR (§§ 690, 701*)—REVIEW—RECORD—BILL OF EXCEPTIONS—OMISSIONS.

Where, in an action on a note payable to bearer, defendant pleaded that plaintiff was not a bona fide holder for value before maturity, and was therefore bound to meet certain defenses against the original owner that would otherwise be barred, and plaintiff's case consisted only of the note in suit and his own testimony, but the bill of exceptions contained only a few meager extracts of plaintiff's testimony, the court could not review assignments of error relating to rulings on evidence and instructions of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2897–2899, 2902–2904, 2906, 2908, 2933, 2935; Dec. Dig. §§ 690, 701.*]

In Error to the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Action by Samuel Robinson against George L. Stearns and others. Judgment for defendants, and plaintiff brings error. Affirmed.

A. R. Jackson and Mortimer C. Rhone, both of Williamsport, Pa., and Stuart MacKibbin, of South Bend, Ind., for plaintiff in error.

Max L. Mitchell, of Williamsport, Pa., for defendants in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. What is called the bill of exceptions in this case is so defective that we cannot safely undertake to decide the questions raised on the writ of error. At the trial the plaintiff was the apparent holder of a promissory note, although he had not been the original owner. The note was drawn to the order of the makers, and, as they had also indorsed it before it was handed to the original owner, it had become in effect a note payable to bearer and was transferable by mere delivery. The defense was that the plaintiff was not a bona fide holder for value before maturity, and therefore that he was bound to meet certain defenses against the original owner that would otherwise be clearly inadmissible. Thus it became vital to ascertain the truth about the plaintiff's title, and, as he testified in his own behalf, it is manifest that his examination and cross-examination were probably of great importance. Even from the imperfect record we have, it is clear to us that we cannot satisfactorily understand and dispose of the questions now presented without

---

knowing what he swore to; and yet the bill of exceptions offers us nothing except a few meager extracts from the stenographer's notes, hardly a half dozen sentences in all. As the whole of the plaintiff's case consisted of the note in suit and his own testimony, it is apparent we think that it would be hazardous to pass upon the assignments of error—all of them objecting to certain testimony offered by the defendants, and to certain portions of the judge's charge—because we cannot know how far this testimony and the charge may have been justified by the plaintiff's examination and cross-examination. A trial judge's rulings and instructions are presumed to be correct, and especially is this true when evidence was heard by him that is not presented for consideration on appeal. It would be useless to take up the assignments of error seriatim; they have all been examined with care, but we do not see our way to decide any one of them.

We can do nothing but affirm the judgment, and accordingly it is so ordered.