FIRST NAT. BANK OF PITTSTON v. HOGGSON BROS.

(Circuit Court of Appeals, Third Circuit. June 7, 1917.)

No. 2229.

1. EVIDENCE ⬳382—DOCUMENTARY EVIDENCE—AUTHENTICATION—DISCRETION OF COURT.

In an action for architectural services, under a contract which provided for payment based on the schedule of charges indorsed by the American Institute of Architects, it was within the trial court's discretion, and not an abuse of its discretion, to admit a printed circular over the name of the secretary of such Institute, identified as its schedule of charges, as against the objection that the schedule should be proved by the minutes of the society, as this objection simply went to its authentication, and the question was one of incidental procedure and sufficiency of proof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1658, 1659.]

2. EVIDENCE ⬳242(5)—ADMISSIONS—DECLARATIONS OF EMPLOYÉS.

In an action for architectural services, under a contract which was canceled pursuant to a provision therein, evidence that a person in plaintiff's employ, who visited defendants for the purpose of negotiating a new contract, but not shown to have had anything to do with the settlement of the old contract, said plaintiff's charge would be only $600, was properly excluded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 898.]

3. APPEAL AND ERROR ⬳690(5)—RECORD—QUESTIONS PRESENTED FOR REVIEW.

In an action for architectural services, under a contract which designated its subject-matter as the additional items in connection with the alterations and additions to a bank building, where the plans and specifications were not reproduced in the record, or produced before the appellate court, it could not hold that error was committed in excluding evidence that the plans and specifications furnished were for a new structure, and not for alterations.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2902.]

4. APPEAL AND ERROR ⬳690(5)—RECORD—QUESTIONS PRESENTED FOR REVIEW.

The alleged error in overruling an objection to a question as not being cross-examination cannot be reviewed, where the witness' testimony in chief is not in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2902.]

In Error to the District Court of the United States for the Middle District of Pennsylvania.

Action by Hoggson Bros., a corporation, against the First National Banks of Pittston. Judgment for plaintiff, and defendant brings error. Affirmed.

B. R. Jones and Andrew Hourigan, both of Wilkes-Barre, Pa., for plaintiff in error.

Morgan, Lewis & Bockius, of Philadelphia, Pa., James L. Morris, of Wilkes-Barre, Pa., and Selden Bacon, of New York City, for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Hoggson Bros., a corporate citizen of New York, brought suit against the First National Bank of Pittston, a corporate citizen of Pennsylvania, to recover for architectural services rendered under a written contract. The defendant admitted liability under the contract for services rendered to the extent of some $600. The plaintiff claimed for services rendered to the extent of $3,900. The case was tried by a jury, which found in favor of the plaintiff for the full amount of the $3,900 claimed. On entry of judgment thereon, the bank sued out this writ of error.

The proofs in the case tended to show the parties made a contract whereby the plaintiff agreed to furnish plans, specifications, and architectural services, to remodel defendant's bank building, and do the work for $30,000. By a later writing the plaintiff agreed "to execute the additional items in connection with the alterations and additions to your bank building in Pittston, for the sum of $33,000, in addition to our previously accepted estimate, No. 9821, all conditions of which are to apply." The contract further provided:

"We agree to allow you the privilege of canceling the order at any time before the work is begun, and, in the event of our not going on with the work, to accept as our remuneration a sum based on the schedule of charges endorsed by the American Institute of Architects."

[1] In pursuance of such power, the defendant canceled the order and erected a new building on another site. The plaintiff was an unsuccessful bidder for such work, and thereafter sued for its fees as architect, as above stated. The defendant conceded it owed some $600 for such fees, and alleged that this sum had been agreed upon between the parties when the order for the building was canceled. The question whether the $600 had been agreed on was submitted to the jury in a charge which is not complained of; but the jury found for the plaintiff for the $3,900 claimed by it. The errors assigned involve rulings of the court in the rejection or admission of evidence. We find no error in these rulings. To prove the schedule of charges indorsed by the American Institute of Architects, plaintiff called the secretary of the New York chapter of that body, who was also a member of the national body and who produced a printed circular over the name of the secretary of the American Institute, and testified it was the schedule of the Institute's charges. It was objected that such schedule should be proved by the minutes of the society. The method of proof in such case is largely in the discretion of a trial judge, and we are of opinion the fair bounds of such discretion were not overreached in this case. There is no pretense that the schedule of prices stated in this circular are not in point of fact what the Institute had established. The objection simply went to its authentication. The question was therefore one of incidental procedure and sufficiency of proof, and did not involve the real issue in the case, which was whether the plaintiff had waived the rates and agreed to accept $600.

[2] It is assigned for error that the court refused to admit the

declaration of one Gwyer that the plaintiff's charge for its architectural service would be only $600. While Gwyer was in the plaintiff's employ, we find no evidence whatever showing any express authority, or any employment which implied a right, to make such statements or bind the plaintiff thereby. He visited the defendants for the purpose of negotiating a new contract for another building on a different site, and there is no proof that he had anything whatever to do with the settlement of the old contract.

[3] It is contended that the court erred in rejecting the testimony of a witness who, it is alleged, would have testified that the plans and specifications furnished by the plaintiff for the second contract were not for alterations, but for a new structure entirely. It will be noted, as quoted above, that the subject-matter of this second contract was by the agreement of the parties, designated as "the additional items in connection with the alterations and additions to your bank building at Pittston." Presumably the plans and specifications complied with this description—indeed, we are warranted in so regarding them, for the plaintiff in error has not reproduced the plans and specifications in the record, or produced them before us. We have, therefore, no ground for holding that error was committed by the court below in excluding this testimony of the witness that this second contract was for a new building, and not for alterations and additions, as the contract specified.

[4] In the absence from the very abbreviated record before us of the testimony in chief of the witness Morgan, we are unable to say whether the court erred in overruling, as not being cross-examination, the question asked; and for a similar reason of the plans and specifications not being before us we are unable to determine whether the plaintiff's proofs failed to make out a case for the jury. It scarcely need be said that this is a court of errors, and in the absence of an affirmative showing of error the judgment of the court below should be affirmed.

Finding no error in this record, we therefore affirm the judgment below.