GOLDMAN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 24, 1920.)

No. 3302.

1. CUSTOMS DUTIES ⟨⇒⟩123—STATUTE MAKING IT CRIME TO RECEIVE GOODS ILLEGALLY IMPORTED APPLIES TO ACT SUBJECT TO CIVIL PENALTY.

Rev. St. § 3082 (Comp. St. § 5785), making it punishable to receive merchandise knowing it to have been imported contrary to law, applies to one who received merchandise landed from a foreign vessel without the permit of the collector required by section 2872 (section 5563), though section 2873 (section 5564) imposes a civil penalty for violation of section 2872.

2. CUSTOMS DUTIES ⟨⇒⟩123—ACT PUNISHING RECEIVING OF GOODS IMPORTED "CONTRARY TO LAW" IS NOT LIMITED TO SMUGGLED GOODS.

Rev. St. § 3082 (Comp. St. § 5785), making it punishable to receive goods knowing they were imported contrary to law, is not limited to goods

⟨⇒⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

smuggled in the accepted sense, that is, goods brought in with intent to evade the revenue laws, since "contrary to law" means in violation of any regulations relating to the introduction of goods established by law other than section 3082 itself and made punishable when disobeyed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contrary to Law.]

3. CUSTOMS DUTIES ⊂⇒121.—ROPE STOLEN FROM SHIP'S TACKLE TO BE SOLD IS "MERCHANDISE" IN HANDS OF RECEIVER.

Rope stolen by sailors from a ship, landed without permit, and delivered to defendant for sale, is "merchandise" in his hands, so that he may be convicted of violating Rev. St. § 3082 (Comp. St. § 5785), making it punishable to receive merchandise imported contrary to law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

4. CUSTOMS DUTIES ⊂⇒134.—EVIDENCE HELD SUFFICIENT TO IDENTIFY ROPE FOUND IN HANDS OF RECEIVER AS THAT ILLEGALLY IMPORTED.

Testimony by a witness that he saw the rope which he had helped steal from the ship in a cart in the control of defendant is sufficient to identify the rope as that stolen and which was landed contrary to law.

5. CRIMINAL LAW ⊂⇒1121(2).—SUFFICIENCY OF EVIDENCE ON PARTICULAR ISSUE CANNOT BE REVIEWED, WHERE RECORD DOES NOT CONTAIN ALL THE EVIDENCE.

Where the record does not purport to contain all the evidence, the sufficiency of the identification of the rope found in defendant's possession as the rope landed without permit cannot be reviewed.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Samuel Goldman was convicted of knowingly receiving a coil of rope that had been landed from a vessel from a foreign port without permit from the collector of internal revenue, and he brings error. Affirmed.

Louis Henry Burns, of New Orleans, La., for plaintiff in error.

Henry Mooney, U. S. Atty., and Nicholas Callan, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, Circuit Judge, and GRUBB and CALL, District Judges.

GRUBB, District Judge. Plaintiff in error (hereinafter called defendant) was convicted under counts of an indictment, which charged two sailors with having violated section 2872 of the Revised Statutes (Comp. St. § 5563) by having landed a coil of rope from a vessel from a foreign port, without first having obtained a permit from the collector of internal revenue, and which charged the defendant with having knowingly received the coil of rope that had been so illegally landed, and, because thereof, with having violated the terms of section 3082 of the Revised Statutes (Comp. St. § 5785). The two sailors were not jointly indicted with defendant. Section 2872 prohibits the landing from a vessel of merchandise brought from a foreign port except between the rising and setting of the sun, and "at any time without a permit from the collector, and naval officer, if any, for such unlading or delivery." Section 2873, Revised Statutes (Comp. St. § 5564), provides a penalty of $400, to be imposed on the master for a

landing of merchandise contrary to the provisions of section 2872, and upon every other person, who shall knowingly be concerned or aiding therein, and also disability to hold office under the United States for a term not exceeding seven years. Section 2874 (Comp. St. § 5565) forfeits the merchandise landed in violation of section 2872, and, if its value exceeds $400, forfeits the vessel and its appurtenances. Section 3082 provides that if any person shall fraudulently and knowingly import or bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited, and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both.

[1] The question urged by the defendant is whether he can be punished under section 3082 because of an aiding or abetting of an infraction of section 2872, or because of the guilty receiving or buying of the merchandise landed in violation of that section. The language of section 3082 is apt to cover such an offense. Any person who brings into the United States merchandise, without having obtained the permit required by section 2872, knowingly brings it into the United States contrary to law; and one who assists in so doing or receives, conceals, buys, sells, such merchandise, knowing the same to have been so imported contrary to law, is within the offense created by the exact language of section 3082. Defendant contends that section 2872 provides its own penalty (those set out in sections 2873 and 2874), and that it will not be presumed that Congress intended to create a double penalty by applying section 3082 to a transaction within the terms of section 2872. In the case of U. S. v. Gates, 25 Fed. Cas. 1263, No. 15,191, a plea of guilty to the offense of smuggling under section 2865 was held to bar a subsequent prosecution for the penalty created in section 2873. However, in the case of Stockwell v. U. S., 13 Wall. 531, 20 L. Ed. 491, the Supreme Court held that a similar penalty (that prescribed by the second section of the Act of March 3, 1823) of double the value of the goods was a civil penalty, and for that reason was not repealed by the fourth section of the Act of July 18, 1866 (now section 3082 of the Revised Statutes), which created an offense out of the same transaction punishable criminally. In that case the Supreme Court said:

"The design of this latter act was to punish as a crime that which before had subjected its perpetrator to civil liability, or quasi civil liability."

So we think the design of the same act was to punish criminally also, what section 2872 prohibited, but only with the sanction of a civil penalty and forfeiture, as provided in sections 2873 and 2874.

[2] It is further argued on defendant's behalf that section 3082 was intended only to cover cases of introducing merchandise into the United States with the fraudulent purpose of evading the payment of duty on it, and so cannot apply to nondutiable articles, such as the rope was. Language in some of the earlier opinions of District

Courts might be so construed. However, section 2865, Revised Statutes, seems to fully provide for cases of smuggling in its accepted meaning under the common law, i. e., of introducing merchandise without entering it at the Custom House and with the intent to evade the duty thereon. The original section 2865 was amended by the Act of February 27, 1877 (19 Statutes at Large, 247 [Comp. St. § 5548]), so as to include the offense of smuggling in its accepted sense. If section 3082 be limited to cases of smuggling so defined, then the two sections are identical in their scope in this respect and there would have been no good reason for amending section 2865. Again it has been held that section 3082 was not repealed by the amending Act of February 27, 1877. If section 3082 covered the same offenses and no other than are covered by section 2865 as amended, it would seem that the latter would by implication have repealed the former. The contrary was held in the case of U. S. v. A Lot of Jewelry (D. C.) 59 Fed. 684, and U. S. v. Ortega (D. C.) 66 Fed. 713.

There would be a good reason for creating by express terms and by a separate section a separate offense out of smuggling dutiable goods in the common sense, though it may have been theretofore impliedly included with other offenses, in the language of section 3082. We think section 3082 was not intended to be limited to cases of smuggling in the sense of introducing dutiable merchandise without paying and with the intent to avoid paying the duty on it. The proper administration of the custom laws requires that it be given a wider scope. It is important, in order to enforce the collection of duties, to establish many regulations relating to the introduction of merchandise into the country, other than the ultimate one of requiring the payment of duties. These are auxiliary regulations and can only be enforced by the imposition of penalties and punishment for their infraction. It is necessary not only to establish them, but to make disobedience of them criminal. This Congress accomplished through the enactment of section 3082, the effect of which, as we construe it, is to punish criminally and by forfeiture the bringing into the United States of any merchandise, whether dutiable or nondutiable, contrary to law, and the receiving and buying of it knowing it to have been brought in contrary to law. "Contrary to law" we construe to mean to be in violation of any regulation, relating to its introduction, established by law (other than section 3082 itself) and made punishable when disobeyed. Keck v. U. S., 172 U. S. 434–437, 19 Sup. Ct. 254, 43 L. Ed. 505; One Pearl Chain v. U. S., 123 Fed. 371, 59 C. C. A. 499; Estes v. U. S., 227 Fed. 818, 142 C. C. A. 342.

[3] It is further urged by the defendant that the rope was not "merchandise" within the meaning of section 2872. It may be conceded that it was originally part of the ship's tackle, and that so long as it remained so it could not be merchandise, nor require a permit for its landing. U. S. v. A Chain Cable, 25 Fed. Cas. 391, No. 14,776; The Gertrude, 10 Fed. Cas. 265, No. 5,370. It was not therefore subject to forfeiture, at least, as against the ship's owner. However, when the sailors from whom the defendant received it stole it from the ship by paying it out over the ship's side into a skiff with the intent to

sell it when landed, it ceased to be a part of the ship's tackle as to them and as to their guilty receiver, and forthwith became merchandise. It was being landed by the sailors for the purpose of sale, and the fact that they acquired possession of it by theft does not as to them and their guilty receiver prevent this conclusion. One who smuggles stolen jewels, stolen from a ship's chronometer, is no less a smuggler because he is also a thief and can be punished for violating section 2872, though the master of the ship could not. The test to be used in determining as between tackle and merchandise is the use to which the article is to be put when landed. At that point of time, the rope was being treated by the defendant and his accomplices as merchandise. The case of U. S. v. A Chain Cable, supra, supports this view. If the case of U. S. v. Fry (D. C.) 48 Fed. 713, conflicts with it, we decline to follow it.

[4] The defendant also contends that the rope taken from the ship was not sufficiently identified as the rope found in the possession of the defendant. One of the witnesses for the government testified that he saw the rope that he had helped steal from the ship afterwards in a cart in front of Morgan's saloon and in the control of the defendant. This was sufficient identification.

[5] Again, the record does not purport to contain all the evidence, and the sufficiency of the identification of the rope cannot therefore be a question for our consideration upon the record presented.

Affirmed.