## NOLAN v. UNITED STATES.
### No. 9972.

Circuit Court of Appeals, Eighth Circuit.
Jan. 2, 1935.

Francis Murphy, of Fargo, N. D., for appellant.

P. W. Lanier, U. S. Atty., and Harry Lashkowitz, Asst. U. S. Atty., both of Fargo, N. D.

Before STONE, GARDNER and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from a conviction for murder in the first degree "without capital punishment."

The only errors covered by the assignment of errors or which are presented here are such as have to do with rulings on the admission of testimony during the trial. Appellee insists here that these assignments cannot be examined because of the insufficiency of the bill of exceptions. The insufficiency intended is that the bill of exceptions does not contain all of the evidence nor any certificate as to containing all of the evidence pertinent to the issues raised here.

Careful study of the record results as follows: The only matters appearing in the bill of exceptions are the objections, rulings, and exceptions as to the admission of several separate and unrelated matters and the testimony immediately leading up to and directly involved in the rulings. On its face, the evidence is fragmentary. Included in the bill of exceptions is a certificate of the court reporter that "I took part of the testimony and proceedings on the trial of the above entitled action, and that the foregoing is a true and correct transcript of the testimony and proceedings so taken by me." Also in the bill is an "Explanation of Bill of Exceptions" (signed by counsel on both sides), which sets forth that "it is agreed that no reporter was present during the trial of said cause, and save for the objections

and exceptions shown in the within and annexed bill, no record was made of the testimony offered and received." This "Explanation" also stated that other witnesses (not involved in the testimony covered by the assignments of error) had testified. Also there was a stipulation filed that the bill contained "all of the stenographer's minutes taken at the trial." The certificate of the court stated the bill contained "all of the testimony of which a record was made at said trial," but is entirely barren of any statement that the bill contains all of the testimony material to the issues raised by the assignments of error. Thus the situation is that we are asked to declare that the trial court erred, in rulings on evidence, upon a record which expressly disclaims containing all of the evidence and where there is no certificate that the bill contains all of the evidence material to determination of the rulings attacked here.

The rules of law which are here governing are well established. They state the basic principles of judicial review in law cases. The first is that the sole purpose and function of such review is to determine whether the appellant has been denied a fair trial (which is his right) through prejudicial error committed in connection with the proceedings in the trial court. Stokes v. United States, 264 F. 18, 24 (C. C. A. 8). The second is that such error will not be presumed, but must be affirmatively and clearly established by appellant. Mercantile Trust Co. v. Hensey, 205 U. S. 298, 306, 27 S. Ct. 535, 51 L. Ed. 811, 10 Ann. Cas. 572; Loring v. Frue, 104 U. S. 223, 224, 26 L. Ed. 713; Kearney v. Denn, 15 Wall. 51, 56, 21 L. Ed. 41; Miller v. United States, 11 Wall. 268, 299, 300, 20 L. Ed. 135; Rector v. United States, 20 F.(2d) 845, 859 (C. C. A. 8); Bankers' Trust Co. v. M., K. & T. Ry. Co., 251 F. 789, 798 (C. C. A. 8). The third is that the appellate court can and does act only upon the record (properly preserved and authenticated) of what took place in the trial court in determining whether the error claimed is present. Bechtel v. United States, 101 U. S. 597, 600, 25 L. Ed. 1019; Kearney v. Denn, 15 Wall. 51, 56, 21 L. Ed. 41; Cohens v. Virginia, 6 Wheat. 264, 409, 410, 5 L. Ed. 257.

In such determination from the record, it is obvious that the appellate court cannot determine whether the claimed error exists unless it is reasonably sure that it has before it in the record all that took place in the trial court bearing upon the matter to be examined. Fragmentary records lacking any statement or stipulation therein or any certificate thereto that all trial proceedings pertinent to the claimed error are included leave the appellate court helpless to determine therefrom whether it has a complete record for the issues presented to it and therefore unable to declare error or lack of error. The duty to show error involves, as a necessary step therein, the obligation to bring up a sufficient record therefor, and, where appellant fails to do so, he has not sustained the burden of showing error.

These rules have been applied to various characters of claimed errors where the records were fragmentary and it nowhere properly appeared therein that all of the trial proceedings bearing upon the claimed errors were included in the record before the appellate court. This has frequently occurred where, as here, the claimed errors had to do with rulings on evidence. Sire v. Ellithorpe Air Brake Co., 137 U. S. 579, 11 S. Ct. 195, 34 L. Ed. 801; Nudd v. Burrows, 91 U. S. 426, 438, 23 L. Ed. 286; Ventress v. Smith, 10 Pet. 161, 170, 171, 9 L. Ed. 382; Hanson v. Cole, 266 F. 67, 68 (C. C. A. 8); Wise v. Brotherhood of L. F. & E., 252 F. 961, 964 (C. C. A. 8); United States v. Francis, 64 F.(2d) 865, 867 (C. C. A. 9); Eteenpain Co-op. Soc. v. Lillback, 18 F.(2d) 912, 915 (C. C. A. 1); Sheehan v. Braddock Coal Co., 293 F. 573, 574 (C. C. A. 1), certiorari denied 264 U. S. 585, 44 S. Ct. 334, 68 L. Ed. 862; Goldman v. United States, 263 F. 340, 344 (C. C. A. 5); New Arcade Co. v. Owens, 49 App. D. C. 65, 258 F. 965, 968; First National Bank v. Hoggson Bros., 242 F. 261, 263 (C. C. A. 3); Robinson v. Stearns, 204 F. 772 (C. C. A. 3); Johnson v. Willapa Lumber Co., 173 F. 488, 489 (C. C. A. 9); New Orleans & N. E. R. Co. v. Clements, 100 F. 415, 417, 418 (C. C. A. 5); City of Milwaukee v. Shailer & Schniglau Co., 91 F. 726, 727 (C. C. A. 7); also see Kinney v. U. S. Fidelity Co., 222 U. S. 283, 284, 32 S. Ct. 101, 56 L. Ed. 200. Another instance of frequent occurrence is where the claimed error has to do with the charge. Case v. Hall, 94 F. 300, 302 (C. C. A. 8); Standard Portland Cement Co. v. Foley, 270 F. 203, 206 (C. C. A. 5); Mamaux v. United States, 264 F. 816, 822 (C. C. A. 6); Magon v. United States, 248 F. 201, 205 (C. C. A. 9); Southern Ry. Co. v. Hardin, 157 F. 645, 649 (C. C. A. 5); Columbia Mfg. Co. v. Hastings, 121 F. 328, 332 (C. C. A. 7); Northern Pac. Ry. Co. v. Tynan, 119 F. 288, 293 (C. C. A. 9); Union M. L. Ins. Co. v.

Payne, 105 F. 172, 176 (C. C. A. 5); Myers v. Sternheim, 97 F. 625, 626 (C. C. A. 9).

Because of the gravity of the punishment here, and also because appellant may have been at some disadvantage because of poverty, we have studied this record with particular care. Somewhat regretfully, we are forced to the conclusion that the state of the record before us is not such as to enable us to determine the errors urged here.

The judgment must be and is affirmed.