### MOETEN v. UNITED STATES.
No. 10285.

Circuit Court of Appeals, Eighth Circuit.
Nov. 18, 1935.

Henry Paull, of Duluth, Minn., for appellant.

George F. Sullivan, U. S. Atty., and George A. Heisey, Asst. U. S. Atty., both of St. Paul, Minn., for the United States.

Before GARDNER, WOODROUGH, and FARIS, Circuit Judges.

GARDNER, Circuit Judge.

Appellant was charged in an indictment of three counts with a violation of the

Harrison Anti-Narcotic Law (see 26 U.S. C.A. §§ 1040–1051, 1053, 1054, 1383–1391 and notes). The first count charged a sale of narcotic drugs without official written order on a form issued for that purpose by the Commissioner of Internal Revenue of the United States; the second charged a sale of narcotic drugs not in nor from an original stamped package; and the third charged concealing narcotic drugs imported into the United States contrary to law. On trial he was found guilty on all three counts, and from the judgment and sentence entered on this verdict he has appealed to this court. His assignments of error are directed solely to the instructions.

It is alleged that the court erred in refusing certain instructions requested by the defendant, and that the court erred in giving certain instructions on its own motion. In his brief these alleged errors are summarized as follows: "(1) The court erred in failing to submit to the jury as an issue of fact whether or not defendant knew that packages found in his possession contained narcotic drugs. (2) The court committed serious error in charging the defendant was presumed to have known the drugs in question to have been illegally imported unless he rebutted this only by showing he obtained them from legitimate legal source. The jury has a right to consider other facts and circumstances tending to rebut such presumption and tending to show defendant actually did not know the drug was illegally imported. (3) In coming into possession of narcotic drugs it should have been submitted to the jury as a question of fact whether or not the defendant was actuated by an irresistible impulse born of a depraved and diseased mind."

Counsel for the government challenge the sufficiency of the record to present these questions for review. There is embodied in the bill of exceptions six requests for instructions on behalf of defendant. The record does not show whether these requests were submitted to the court or not. It does not show that they were refused by the court, nor does it indicate that any exception was taken to any ruling of the court with reference thereto. The bill of exceptions also sets out in full the instructions as given by the court. No exceptions were taken to the instructions as given.

Rule 10 of this court, which refers to the charge to the jury, provides that: "The party excepting shall be required, before the jury retires, to state distinctly the several matters of law in such charge to which he excepts; and no other exceptions to the charge shall be allowed by the court or inserted in a bill of exceptions."

This record does not indicate that any exceptions whatever were taken, either to the alleged refusal of the court to give the instructions requested by the defendant, nor to the instructions as given by the court. We have held that an exception to the charge in general terms, which failed to direct the court's attention to the alleged error, is insufficient. There is, therefore, nothing presented for review. Nolan v. United States (C.C.A. 8) 75 F.(2d) 65, 66; Mansfield v. United States (C.C.A. 8) 76 F.(2d) 224; McCutchan v. United States (C.C.A. 8) 70 F.(2d) 658.

In Nolan v. United States, supra, in an opinion by Judge Stone it is said: "The rules of law which are here governing are well established. They state the basic principles of judicial review in law cases. The first is that the sole purpose and function of such review is to determine whether the appellant has been denied a fair trial (which is his right) through prejudicial error committed in connection with the proceedings in the trial court. Stokes v. United States, 264 F. 18, 24 (C.C.A. 8). The second is that such error will not be presumed, but must be affirmatively and clearly established by appellant. Mercantile Trust Co. v. Hensey, 205 U.S. 298, 306, 27 S.Ct. 535, 51 L.Ed. 811, 10 Ann.Cas. 572; Loring v. Frue, 104 U.S. 223, 224, 26 L.Ed. 713; Kearney v. Denn, 15 Wall. 51, 56, 21 L.Ed. 41; Miller v. United States, 11 Wall. 268, 299, 300, 20 L.Ed. 135; Rector v. United States, 20 F.(2d) 845, 859 (C.C.A. 8); Bankers' Trust Co. v. Missouri, K. & T. R. Co., 251 F. 789, 798 (C.C.A. 8). The third is that the appellate court can and does act only upon the record (properly preserved and authenticated) of what took place in the trial court in determining whether the error claimed is present. Bechtel v. United States, 101 U.S. 597, 600, 25 L.Ed. 1019; Kearney v. Denn, 15 Wall. 51, 56, 21 L.Ed. 41; Cohens v. Virginia, 6 Wheat. 264, 409, 410, 5 L.Ed. 257."

It appears that the objections now sought to be urged are made for the first time on this appeal.

As the record presents nothing for our consideration, the judgment appealed from is affirmed.