## H. M. BYLLESBY & CO. v. WELCH.*
### No. 10351.

Circuit Court of Appeals, Eighth Circuit.

March 12, 1936.

Henry L. Jost, of Kansas City, Mo. (Lester G. Seacat and Roger C. Slaughter, both of Kansas City, Mo., and John P. Ryan and Cummins, Hagenah & Flynn, all of Chicago, Ill., on the brief), for appellant.

L. A. Welch, of Kansas City, Mo., pro se (R. R. Brewster and Paul R. Stinson, both of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal has been taken by H. M. Byllesby & Co., a Delaware corporation, to reverse a judgment against it in the sum of $12,830, together with interest and costs, rendered on April 19, 1934, in favor of L. A. Welch, a citizen and resident of Missouri. Application for an order to settle a bill of exceptions containing the proceedings had upon the trial of the case was denied by the trial court because the bill of exceptions was not presented in time. Mandamus to compel the trial judge to settle the bill was refused by this court. Afterwards an application was made to this court to submit a bill of exceptions, and this court denied the same. On the 19th day of April, 1935, one year after the trial, appellant caused a purported copy of the court's charge to the jury to be filed with the clerk of the District Court, and it has included the same in the transcript and has assigned errors upon the charge given by the court to the jury and has argued the same in the brief filed in its behalf.

"It is well established that the charge of the trial judge is no part of the record, and cannot be noticed on appeal, unless it is made a part thereof by a bill of exceptions, properly signed and filed." Case v. Hall (C.C.A.) 94 F. 300, 302; Clune v. United States, 159 U.S. 590, 16 S.Ct. 125, 40 L.Ed. 269; Nolan v. United States (C.C.A.8) 75 F.(2d) 65.

While rule 24 (formerly rule 14) of this court provides for the inclusion of

*Writ of certiorari denied 56 S. Ct. 959, 80 L. Ed. —.

the charge of the court to the jury in the transcript, the provision has in nowise affected the necessity for the authentication of such charge by the trial court in a bill of exceptions. The assignments based upon errors alleged to have occurred in the court's charge to the jury cannot be considered. 28 U.S.C.A. § 776, note 107; Clune v. United States, supra; Shepard v. United States (C.C.A.10) 64 F.(2d) 641; Addis v. United States (C.C.A.10) 62 F.(2d) 329; Kelly v. United States (C.C.A.10) 76 F.(2d) 847.

There being no bill of exceptions, only such matters can be considered on this appeal as appear in the primary record, which includes the pleadings, the process, the verdict, and the judgment. American Nat. Red Cross v. Raven Honey Dew Mills (C.C.A.8) 74 F.(2d) 160; Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co. (C.C.A.8) 68 F.(2d) 787; Addis v. United States, supra; McCuing v. Bovay (C.C.A.8) 60 F.(2d) 375.

We turn, therefore, to the appellant's contentions that the petition does not state a cause of action or support the verdict.

There are two counts of the petition. It is alleged in the first count that the defendant induced the plaintiff to buy from defendant 40 units of the corporate stock of a corporation called "Whitaker Battery Supply Company" for $4,000, by means of certain false and fraudulent and material representations (fully set forth in the petition), and that the plaintiff paid his money to defendant in reliance upon the representations, believing them to be true. In the second count the plaintiff alleges that the defendant, at a later date, induced the plaintiff to buy from it 60 additional units of the corporate stock of the same company for $6,000, by means of the same and additional false and fraudulent material representations (also fully set out), and that the plaintiff, relying on the representations and believing them to be true, paid the defendant an additional $6,000 therefor. The petition contains allegations in each of the counts to the effect that the defendant's false and fraudulent representations were made willfully and maliciously. It is alleged in each count that, upon discovery of the fraud that had been practiced upon him, the plaintiff promptly tendered the stock and certain dividends received thereon, together with interest on the dividends, back to the defendant, and notified defendant that, by reason of the false and fraudulent representations and the deceit practiced upon him, he elected to and did rescind the said purchase. He further alleged that he still offers the stock, dividends, and interest to the defendant. The conclusion is pleaded in the first count in the following form (the second count differing only as to dates and amounts): "9. Plaintiff further avers that by reason of the premises and by the fraud and deceit practiced upon him by the defendant as aforesaid, the defendant did have and receive of the money of the plaintiff the sum of $4,000.00 on May 18, 1929, and plaintiff has been damaged in said sum of $5,000.00 with six per cent. interest from May 18, 1929, less the sums of $60.00 received by the plaintiff on September 1, 1929, $60.00 received by the plaintiff on December 1, 1929, $60.00 received by plaintiff on March 1, 1930, and $60.00 received by plaintiff on June 1, 1930, as dividends on said stock, with interest thereon from the dates the same were paid to the plaintiff. That by reason of the fraud and deceit so practiced upon the plaintiff by defendant as aforesaid, the plaintiff has sustained actual damages in the said sums of money so paid by plaintiff to the defendant with interest less the amount of said dividends with interest and punitive damages in the sum of $4,000.00."

The form of the prayer is also the same in each count, only the dates and amounts being different: "Wherefore, plaintiff prays judgment against the defendant for the sum of $4,000.00 with interest less the sum of $60.00 with interest from September 1, 1929, and less the sum of $60.00 with interest from December 1, 1929, and less the sum of $60.00 with interest from March 1, 1930, and less the sum of $60.00 with interest from June 1, 1930, and punitive damages in the sum of $4,000.00."

The jury, by its verdict, found upon the issues in favor of the plaintiff and against the defendant, and assessed the amount of the plaintiff's actual damages at $4,000 upon the first count, and $6,000 upon the second count, with interest added to each sum. The jury also returned, as to each count: "We further find that the plaintiff do have and recover from the defendant as punitive damages the sum of None Dollars ($ None)." Judgment was entered in conformity with the verdict.

The appellant contends that the plaintiff has, in each of the counts of his petition, wrongfully joined together an ac-

tion for recovery as upon rescission of a contract procured by fraud, with an action for damages, actual and punitive, for deceit. The argument proceeds that it should be found from the record here that the recovery which was obtained was upon the action for deceit and not upon the rescission, and that, so construed, the judgment cannot be sustained, because (it is contended) an action for damages for deceit cannot be maintained after the aggrieved party has elected to and has rescinded the contract. Many cases have been cited concerning the proper procedure in actions for recovery on the ground of fraud, and the appellee has also extensively briefed the question, inviting, among other things, reconsideration of expressions of this court in Young v. Main, 72 F.(2d) 640, and asserting that in Missouri recovery of damages may be had in a tort action for deceit notwithstanding a rescission.

We must decline to follow counsel into the proposed field of controversy. The sufficiency of the petition to sustain the verdict and judgment is the only question before us. The statute in Missouri (section 696, Rev.St.Mo.1929 [Mo.St.Ann. § 696, p. 898]), provides: "There shall be in this state but one form of action for the enforcement or protection of private rights, and redress or prevention of private wrongs, which shall be denominated a civil action." And section 764, Rev.St. Mo. 1929 (Mo.St.Ann. § 764, p. 983), provides that the petition shall contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition. * * * If the recovery of money be demanded, the amount thereof shall be stated."

The petition of the plaintiff fully meets every requirement of the Missouri statutes, and from the facts set out it appears that the defendant wrongfully obtained $10,000 of the plaintiff's money by false and fraudulent representations; that the plaintiff had a cause of action against the defendant in that amount, and that he was entitled, upon a proper course of procedure, to recover that amount of money and interest thereon from the defendant. By the verdict and judgment he has been accorded that relief and no more. In the absence of any bill of exceptions we cannot question that the allegations of the petition were sustained by the evidence. Neither can we assume that the trial court followed any improper course of procedure

in taking the testimony or in formulating and submitting the issues to the jury. The verdict of the jury is in conventional form, awarding damages to the plaintiff in the amount to which the allegations of the petition showed him to be entitled. The verdict for no punitive damages is properly stated separately from the verdict for the actual damages and the words "actual damages" used in the verdict have no significance except to distinguish from punitive damages.

When we assume, as we must, that the charges of fraud were true and find that the plaintiff recovered no more than his due, it would be unconscionable to upset his recovery. This court is also a court of conscience.

Affirmed.