## SIRE v. ELLITHORPE AIR BRAKE CO.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 1479. Submitted December 15, 1890. — Decided January 5, 1891.

In this case, on a motion to dismiss a writ of error, for want of jurisdiction in this court, or to affirm the judgment, it was held that, though this court had jurisdiction, there was sufficient color for the motion to dismiss to warrant this court in considering the motion to affirm, and that the latter motion must be granted.

The propriety of questions put to a witness cannot be passed upon intelligently unless the bill of exceptions shows the character of the evidence previously put in.

The case having been tried by the court without a jury, it was held that the facts found justified the conclusion of law.

A paper which forms no part of a bill of exceptions, and is signed only by an attorney, and purports to be exceptions to findings of fact and the conclusion of the judge thereon, cannot be regarded as a bill of exceptions, or as part of the bill of exceptions signed by the judge, irrespectively of the point that this court cannot review the findings of fact.

As the writ of error appeared to have been sued out merely for delay, the judgment was affirmed with damages at the rate of ten per cent.

MOTION TO DISMISS OR AFFIRM. The case is stated in the opinion.

*Mr. Samuel Ashton* for the motion.

*Mr. J. Hubley Ashton, Mr. Chauncey Shaffer* and *Mr. Albert I. Sire* opposing.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought in the Circuit Court of the United States for the Southern District of New York, by the Ellithorpe Air Brake Company, an Illinois corporation, against Henry B. Sire. The plaintiff is engaged in the business of constructing elevators and putting them into buildings. The complaint sets forth a contract between the plaintiff and the defendant for the plaintiff to furnish and erect for the

defendant two hydraulic passenger elevators and two safety steam passenger elevators, in buildings in the city of New York, in eighty to ninety days from the date of the receipt of approved plans, for $6750, one half to be payable when the machines were in the buildings, and the other half when the elevators were in running order, with a provision that if the defendant should delay the plaintiff in shipping or erecting the elevators, then both of the payments should be due on the date named for completion, and that any deferred payment should bear interest. The complaint further alleges that the plaintiff caused the elevators to be constructed, ready for shipment, within the time specified, and to be set up, in running order, in the buildings, in accordance with the contract; that the two hydraulic elevators were duly shipped, and within the time specified the machinery was placed in the buildings, and one of them was set up in running order, and the other one was very nearly set up, when the plaintiff and its workmen were stopped and prohibited by the defendant from further proceeding with the work; that, after the two safety steam elevators were ready for shipment, and were about to be shipped, the defendant requested the plaintiff not to ship them, as he was not ready for them and desired to make some changes, and he directed it to hold them in store until further orders from him, all of which the plaintiff caused to be done; that the defendant refused to accept the same or permit the plaintiff to ship them or set them up; that the plaintiff is and always has been willing to carry out its agreement to furnish and erect all of the elevators; that the defendant has refused to permit the plaintiff to perform its contract, or to allow the elevators to be erected, or to make the payments therefor, except the sum of $1900 on account; that, in consequence, the elevators have become wholly lost to the plaintiff, and it has sustained damage to the amount of $6750 and the interest thereon, no part of which has been paid, except the $1900; that the plaintiff has sustained additional loss by way of special damage, and has been compelled to employ extra workmen and to do extra work and labor in the buildings, and to incur other expenses, amounting to $2500, to

the damage of the plaintiff in all of $7000, for which amount, with interest from the commencement of the suit, it asks judgment.

The answer of the defendant sets up a general denial, except that he admits that he has paid $1900; and avers that the contract between the parties, in respect to the four elevators, was in writing; and that the plaintiff has failed to perform the provisions of the contract, while the defendant has observed them. It also sets up a counter-claim, and claims $6000 damages for the failure of the plaintiff to perform the contract, alleging that by reason thereof the defendant had been prevented from renting the buildings or occupying part of them himself.

Under a written stipulation duly filed, the case was tried before the court, held by Judge Shipman, without a jury; and he, on the 6th of March, 1890, made his findings and decision (41 Fed. Rep. 662), in pursuance of which a judgment was entered in favor of the plaintiff for $2485, with $158.60 interest from March 14, 1889, amounting in all to $2643.60, and $330.05 costs, making a total of $2973.65. To review this judgment, the defendant has brought a writ of error. The plaintiff now moves to dismiss such writ or to affirm the judgment.

One of the grounds alleged for the motion to dismiss is, that this court has no jurisdiction of the case, because of informalities in the bill of exceptions, the only exceptions presented thereby being alleged errors in rulings admitting evidence. The bill of exceptions does not set forth any part of the evidence on which the questions which were admitted were based. The propriety of the admission of the questions depended entirely upon the state of the evidence, and the bill of exceptions fails to show that. It is further contended, in favor of the motion to dismiss, that deducting the $1900 from the $6750 left only the sum of $4850, with the special damage claim of $2500; that the plaintiff's judgment amounted only to $2485; and that, although the defendant set up a counter-claim for $6000, the record fails to disclose any evidence sustaining it, and therefore the actual amount in controversy between the parties was only $2485, with interest.

We think, however, that inasmuch as the defendant loses by the judgment $2485, exclusive of interest and costs, and in addition to that does not recover anything on account of his counter-claim of $6000, the aggregate amount is sufficient to give this court jurisdiction.

We think, also, that there was sufficient color for the motion to dismiss, to warrant us in considering the motion to affirm; and that the judgment ought to be affirmed.

The bill of exceptions shows objections and exceptions by the defendant to six questions put by the plaintiff to one of its witnesses; but, as before stated, inasmuch as the bill of exceptions fails to show what the character of the evidence was which previously had been put in, it is impossible intelligently to pass upon the propriety of the questions admitted. They related to what was done by the plaintiff with regard to fulfilling the contract, after the plaintiff's proposal to erect the elevators was accepted by the defendant; to the market value of two of the elevators; to what was said between the general manager of the plaintiff and the defendant in regard to those two elevators; to the purpose of the general manager in coming to New York as the representative of the plaintiff; to the value of the work that was done in respect of another elevator; and to the market value of the two hydraulic elevators. It cannot be seen that these questions were improper, or that the answers to them caused any injury or disadvantage to the defendant.

There is no finding of facts by the Circuit Court, separate from that which is contained in the opinion of the judge; but that finding is very full, and is introduced by the words: "Upon said trial, the following facts were found to have been proved and to be true." The facts as found clearly justified the conclusion of law drawn by the court. In its opinion, the court states that neither party complied with the contract, and the plaintiff did not complete the elevators in one of the buildings within the specified time, but that this non-compliance was fully waived by the defendant; that the defendant broke the contract, and there was no wilful abandonment of the work on the part of the plaintiff; that the loss of rent by the

defendant was attributable to his own conduct; that upon the counter-claim no loss or damage was proved for which the plaintiff was liable; that the plaintiff was at all times ready and willing to perform its part of the contract, except in the matter of time, which breach was waived by the defendant; that the plaintiff having in good faith built and completed one of the elevators, though not within the time specified by the contract, and the defendant having accepted the work, the plaintiff could recover the value of that elevator; and that, in regard to another of the elevators, as the plaintiff had delivered it to the defendant, and nearly completed the work of setting it up, and was prevented, without its fault, by the defendant, from completing the performance of the contract, it was entitled to recover its loss, which was its outlay, and amounted to $2050, and also damages for the virtual refusal of the defendant to have the contract carried out in regard to the steam elevators.

There is in the record a paper filed in the Circuit Court eight days after the opinion and findings of the court were filed, which paper forms no part of the bill of exceptions which is signed by the judge, but is a paper signed only by the attorney for the defendant, and purports to be exceptions to certain findings of fact made by the judge and to his conclusion based upon such findings. This paper cannot be regarded as a bill of exceptions, or as part of the bill of exceptions signed by the judge, irrespectively of the point that this court cannot review the findings of fact.

*Judgment affirmed, with damages at the rate of ten per cent, as the writ of error appears to have been sued out merely for delay.*