## SMITH v. HOPKINS.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1902.)

### No. 865.

**1. APPEAL—ASSIGNMENTS OF ERROR.**

Under Circuit Court of Appeals Rule 11 (31 C. C. A. cxlvi, 90 Fed. cxlvi), providing that assignments of error shall set out separately and particularly each error asserted and intended to be urged, assignments that the judgment is contrary to law, contrary to the evidence, and contrary to the preponderance of the evidence, cannot be reviewed.

**2. SAME—DIRECTION OF VERDICT—EXCEPTION—NECESSITY.**

An assignment that the court erred in directing the jury to find the issues for the defendant cannot be reviewed, in the absence of an exception to such direction at the trial.

**8. SAME—NEW TRIAL—REVIEW.**

The denial of a motion for a new trial cannot be reviewed by the Circuit Court of Appeals.

**4. SAME—RENDITION OF JUDGMENT—REVIEW.**

An assignment that the court erred in rendering judgment is too general to present any question for review.

**5. SAME—REVIEW OF EVIDENCE.**

An assignment that the court erred in excluding certain testimony, which included four printed pages of questions propounded to the witness on the trial, was objectionable for failure to set out each error asserted separately and particularly, and was, therefore, insufficient to present any question for review.

**6. SAME—CONDUCT OF COURT.**

An assignment that the court gave improper verbal instructions, followed by two printed pages of remarks by the court during the progress of the trial, some of which declared reasons for certain rulings and others regulated the conduct of the trial, to many of which remarks no exceptions were taken, could not be reviewed.

**7. SAME—HARMLESS ERROR.**

Where a case was withdrawn from the jury at the close of plaintiff's testimony, remarks by the court during the progress of the trial were without prejudice.

**8. NEGLIGENCE—INJURY TO LICENSEE.**

A railroad company leased land on the north side of a river, which it improved for a pleasure ground, and thereafter leased other land on the south side for the same purpose, but this land was not improved, and was only slightly used. The only means of crossing the river was by defendant's trestle, and a stairway was constructed on the south side of the river as an approach to the grounds. Plaintiff's intestate, a boy 18 years of age, in company with others, crossed the trestle for a walk during a visit to the grounds, and went on defendant's right of way to a pile of railroad ties beyond the stairway. Plaintiff's intestate went on the pile, which fell, and he was killed. *Held*, that intestate was a mere licensee, and that the railroad company was not bound as to him to exercise care in piling the ties.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

This is a suit to recover damages for the death of the intestate of the plaintiff in error, and a review is sought of the judgment below, entered upon a verdict directed by the court.

In the year 1890 the railway company, prior to the receivership, leased several acres of land situated upon the north side of the Mackinaw river, in Tazewell county, Ill., cleared the land, and fitted the same for a pleasure resort, building dining and dancing halls, cottages, and stands, and sought to induce the public to frequent the place for the purpose of pleasure, including fishing and boating. These pleasure grounds lay partly on the east and partly on the west side of the railway, and north of and extending to the Mackinaw river, and were fenced and in charge of a custodian. The station was on a trestlework at an elevation of 15 feet above the ground, the trestle continuing a distance of 300 feet to the north and a distance of from 780 to 900 feet to the south, within that distance spanning the Mackinaw river. At the north end of the trestlework, and to the north of the station, were stairs descending to the pleasure ground below, and at the center of the platform of the station was an incline descending to the grounds upon the east side of the railway. In October, 1895, the receiver executed a new lease of these pleasure grounds, and also of a piece of ground on the south of the river adjacent to the west line of the right of way, and upon the north bordering upon the river. This lease was for the period of 1 year, with the privilege of a further period of 14 years if desired by the receiver or his successors or by the purchaser of the railway. It was agreed that the tract on the south side of the river might be cleared, but should not be fenced, and might be used in connection with and as part of the pleasure grounds then occupied by the company on the north side of the river. It was, however, shown in evidence that the land upon the south bank of the

river had never been cleared, and was not in fact prepared for or used as pleasure grounds at the time of the injury complained of, but was covered with an undergrowth and sand and drift. At the east of the right of way, and on the south bank of the river, was a pasture lot owned by some other party, and fenced, which was resorted to occasionally by pleasure seekers at the grounds for the purpose of playing ball. The south shore of the river was sometimes resorted to for fishing. The ties of this trestlework were eight inches wide and four inches apart, and people frequently crossed the river upon the trestlework, there being no other bridge spanning the river. At the south end, and on the west side of the trestlework, were steps leading to the land below, supposed to have been placed there at the time of the construction of the bridge. At a distance of 15 feet south of these steps the company had placed upon its right of way a pile of railway ties without proper support, and it was in respect of this pile that negligence is charged. On the 28th of May, 1900, the plaintiff's intestate, a lad of 18 years of age, a scholar in a high school, being one of a picnic party on that day visiting the grounds, with two or three of his companions crossed upon the railway bridge from the north, and upon the right of way of the company south of the trestlework, for a walk, and without any special purpose, and went upon this pile of railway ties. The pile fell, and young Smith was killed.

Franklin L. Velde, for plaintiff in error.

W. S. Horton, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge. The first, second, and third assignments of error are to the effect that the judgment is contrary to law; that it is contrary to the evidence; that it is contrary to the preponderance of evidence. These assignments are unavailing under the rule (rule 11; 31 C. C. A. cxlvi, 90 Fed. cxlvi) that "an assignment of errors shall set out separately and particularly each error asserted and intended to be urged."

The first assignment does not specify wherein the judgment was contrary to law, nor do the second and third assignments specify— assuming that we may review the evidence—wherein the judgment was contrary to the evidence, or to the preponderance of the evidence.

The sixth assignment, that the court erred in directing the jury to find the issues for the defendant, cannot be considered, because there was no exception to the ruling of the court in making such direction.

The seventh assignment, that the court erred in refusing to grant a new trial, is a matter with which this court has nothing to do. Van Stone v. Stillwell & Bierce Manufacturing Co., 142 U. S. 128, 12 Sup. Ct. 181, 35 L. Ed. 961.

The eighth assignment, that the court erred in rendering judgment, is alike unavailing, being too general for review.

The fourth assignment is to the effect that the court improperly excluded certain testimony, which includes nearly four printed pages of questions propounded to the witnesses upon the trial. This assignment, within our ruling in Atchison, Topeka & Santa Fé R. Co. v. Mulligan, 14 C. C. A. 547, 67 Fed. 569, is not in conformity with the rule requiring that an assignment shall set out separately and particularly each error asserted. The writer dissented from the ruling in that particular, but it is the rule of this court, to be adhered to

so long as the ruling stands. It is further to be said that the assignment does not comply with rule 11, which requires that, when the evidence rejected is oral testimony, a written statement of the substance of what the witness was expected to testify shall be filed and brought to the attention of the court before the retirement of the jury. Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 12 C. C. A. 350, 63 Fed. 891; United States ex rel. Coquard v. Indian Graves Drainage District, 29 C. C. A. 578, 85 Fed. 928. We do not hesitate to enforce the rule in this particular case, because many of the questions ruled out were subsequently allowed and the testimony admitted.

The fifth assignment is to the effect that the court gave improper verbal instructions to the jury, and that is followed by two printed pages of remarks by the court during the progress of the trial and at different stages of it; some of them declaring reasons for certain rulings, and others regulating the conduct of the trial. The assignment embraces many remarks to which no exceptions were taken at the trial, and as to which no complaint can now be made. The assignment is, moreover, ineffectual because whatever remarks the court may have made to the jury are of no moment, since the cause was withdrawn from the jury and a verdict directed without objection.

This covers substantially the case presented, upon which we are constrained to affirm the judgment. We are, however, unwilling so to do without saying that in our opinion the result reached and the direction for a verdict were entirely right. This pile of railway ties was upon the right of way of the railroad company. It was upon no part of the pleasure grounds, if the unimproved grounds south of the river may be so designated. The company owed no duty to the plaintiff's intestate with respect to the manner in which those ties should be piled. He had no business upon them. Assuming that there was implied invitation to the public to go upon the unimproved land south of the river, the receiver owed no duty to the public to make a pleasure ground of the right of way. The ties were not within, but beyond, the approach to the land, and, in extending the walk beyond the approach and upon the right of way, the plaintiff's intestate was at most a mere licensee, and bound to take things as he found them. The receiver owed him no duty except to refrain from aggressive injury. The boy was 18 years of age, and of understanding mind. The cases to which we are referred with respect to dangerous appliances in public places likely to attract children of tender age, of which the turntable case, Railroad Company v. Stout, 17 Wall. 657, 21 L. Ed. 745, is an example, can have no application. The judgment is affirmed.