## GOULD & CURRY MINING CO. v. DOUGLASS.

(Circuit Court of Appeals, Ninth Circuit. June 6, 1921. Rehearing Denied August 1, 1921.)

No. 3645.

**Appeal and error ⊕262(2), 544(1)—Withdrawal of counterclaims cannot be reviewed, without exception or bill of exceptions.**

The action of the trial court in withdrawing from the jury the counterclaim of defendant and that of plaintiff contained in plaintiff's reply cannot be reviewed, where the record does not show whether any evidence was received in support of the counterclaims, or that defendant made any objection to the court's refusal to submit the counterclaims, or took exception to any rulings thereon, since an assignment of error does not dispense with the necessity of exception, and in the absence of bill of exceptions the action of the court in limiting the questions submitted cannot be reviewed.

In Error to the District Court of the United States for the District of Nevada; E. S. Farrington, Judge.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by W. G. Douglass against the Gould & Curry Mining Company, in which the defendant sought to recover certain accrued rentals, and plaintiff by reply sought specific performance of an alleged contract for the sale of realty. From a judgment for plaintiff on his original cause of action, after the court withdrew the counterclaims from the jury, defendant brings error. Affirmed.

W. G. Deal, of San Francisco, Cal., for plaintiff in error.

Chas. A. Cantwell and George Springmeyer, both of Reno, Nev., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Writ of error is to review a judgment in favor of Douglass against the Gould & Curry Mining Company. Douglass sued for money due for services rendered under an express contract. The mining company denied the indebtedness, and pleaded destruction by plaintiff of certain property belonging to the mining company, and by way of counterclaim alleged damages due to a fire alleged to have occurred through the negligence of Douglass. Counterclaim was also made for the value of certain lumber removed by Douglass, and by cross-complaint the mining company alleged that Douglass owed certain money for rentals accruing. Douglass replied, and, after alleging ownership of the premises alleged to have been rented under a contract for sale, prayed for specific performance of the contract of sale. There was a verdict for a certain sum in favor of Douglass.

There is no bill of exceptions in the record, nor are the instructions included in the transcript, nor does it appear that there were any exceptions taken to any ruling or order of the court made during the progress of the trial. There appears in the transcript an "extract from transcript of testimony," which only shows that the court asked if there were any "further exceptions or requests for any further instructions." to which counsel for Douglass replied that the plaintiff was satisfied with the instructions. Thereupon the court said:

"I will say, gentlemen, in withdrawing the two counterclaims, the counterclaim of the plaintiff for specific performance and the defendant's counterclaim for the $100 per day rent after the notice was given, if you wish, they may be reserved for further consideration."

To which counsel for the plaintiff below replied:

"I should like to have your honor reserve that now."

The court said:

"I will reserve those matters for further consideration if you wish, but I don't think either is a proper counterclaim in this case."

No request for decision upon any question, or for submission of any issues or instructions, appears to have been made by counsel for the mining company, yet it has assigned as error the action of the court in withdrawing the counterclaim of Douglass and the counterclaim of the mining company from the jury, and refusing to submit the questions and issues raised by the plaintiff's counterclaim and the defendant's counterclaim to the jury. There is nothing to

show whether any evidence was offered or received in support of the issues referred to as withdrawn by the court; nor, as heretofore indicated, does it appear that counsel for the mining company made any objection at all to the action of the court or to the refusal to give its opinion or took any exception to any rulings made. In Kesterson v. La Moine Lbr. & T. Co., 193 Fed. 355, 113 C. C. A. 279, where the court instructed the jury that a certain issue was out of the case and need not be considered further, this court said:

"To the instructions so given no exception was reserved or taken by the defendants, nor did they request any instruction upon that point. We are therefore precluded from considering whether the contract in suit was so concerned with interstate commerce as to free it from the operation of the Oregon statute." Allis v. United States, 155 U. S. 117, 15 Sup. Ct. 36, 39 L. Ed. 91.

It is fundamental that an assignment of error does not dispense with the necessity of exception. Evidently issues were submitted to the jury, and in the absence of a bill of exceptions the apparent action of the court in limiting the questions submitted will not be reviewed by this court.

Judgment affirmed.