### VICTOR TALKING MACH. CO. et al. v. STRAUS et al.

(Circuit Court of Appeals, Second Circuit. November 23, 1921.)

**Appeal and error ⚖=728(3)—Proposed excluded evidence cannot be stated in assignment without offer of it at trial.**

Circuit Court of Appeals rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii) requiring the assignments of error to quote the full substance of the evidence admitted or rejected, does not apply where an objection to a question was sustained, so that the witness made no answer, and where there was no offer of evidence made by the excepting party and rejected by the trial court, and statements in assignments of error as to what it was expected the witness would have stated in answer to the question should be stricken out.

In Error to the District Court of the United States for the Southern District of New York.

Action at Law by Jesse I. Straus and others against the Victor Talking Machine Company and others. Judgment for plaintiffs, and defendants bring error. On motion by defendants in error to strike from the assignment of errors certain statements, and for a direction that said statements be omitted from the printed record herein. Motion granted.

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

See, also, 222 Fed. 524; 225 Fed. 535, 140 C. C. A. 519; 230 Fed. 449, 144 C. C. A. 591.

Wise & Seligsberg, of New York City, for the motion.

Rounds, Schurman & Dwight and Gilbert H. Montague, all of New York City, opposed.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. At trial plaintiffs in error asked certain witnesses certain questions; objections being made, the questions were disallowed. In assigning these rulings for error there has been added to each assignment a statement (in substance) of what it was hoped or expected the witness would have said, had he been permitted to answer. These are the statements against which this motion is directed.

At no time did plaintiffs in error present to the trial court any "offer of proof" or "offer of evidence" covering the substance of what it was hoped or expected to prove by answer to the questions rejected. The statements in question have been inserted in assumed compliance with rule 11 of this court (150 Fed. xxvii, 79 C. C. A. xxvii), which declares that—

"When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected."

This language is found in the rule of most, if not all, of the Circuit Courts of Appeals, and is taken almost word for word from rule 21 of the Supreme Court of the United States (32 Sup. Ct. x). It has been construed in Smith v. Hopkins, 120 Fed. 921, 57 C. C. A. 193, and cases cited; and the twenty-first rule of the Supreme Court is treated in Buckstaff v. Russell, 151 U. S. at 636, 14 Sup. Ct. 448, 38 L. Ed. 292. The substance of these rulings is that, where the evidence rejected is documentary, or an offer of evidence is made by the excepting party and rejected by the trial court, such document or offer must be embodied in the assignment of errors based upon the rejection. But where a question is asked, and no answer is permitted, there is no evidence to "quote," and the question for the reviewing court is whether the excluded question was "so framed as to clearly admit of an answer favorable to the claim or defence" of the interrogating party. The statements complained of are clearly not rendered necessary by the rule and should be stricken out.

Motion granted.