### LANDSBERG v. SAN FRANCISCO & P. S. S. CO.

(Circuit Court of Appeals, Ninth Circuit. March 14, 1923.)

No. 3940.

Appeal and error ⏘262(2)—Directed verdict for defendant not reversed, where no exception was saved.

Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), amending Judicial Code, § 269, so as to require appellate courts to give judgment after examination of the entire record without regard to technical errors, and Circuit Court of Appeals, Ninth Circuit, rule 11 (208 Fed. vii) do not require the Circuit Court of Appeals to review the direction of a verdict for defendant, where no exception was saved to the court's ruling.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action at law by Chriss Landsberg against the San Francisco & Portland Steamship Company. Judgment for defendant on directed verdict, and plaintiff brings error. Affirmed.

William P. Lord, of Portland, Or., for plaintiff in error.

A. C. Spencer and John F. Reilly, both of Portland, Or., for defendant in error.

Before GILBERT, MORROW, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This was an action to recover damages for personal injuries. At the close of the testimony on the part of the plaintiff, the court below directed a verdict in favor of the defendant, and the plaintiff brings error.

At the threshold of the case we are met with the objection that no exception was taken or reserved to the charge of the court, and there is therefore no question before us for review. That this is the general rule does not admit of question. Lindsay v. Burgess, 156 U. S. 208, 15 Sup. Ct. 355, 39 L. Ed. 399; Smith v. Hopkins, 120 Fed. 921, 57 C. C. A. 193; Mexico International Land Co. v. Larkin, 195 Fed. 495, 115 C. C. A. 405; Gould & Curry Min. Co. v. Douglass (C. C. A.) 273 Fed. 681. Counsel for plaintiff in error practically concedes this, but bases his right of review on rule 11 of this court (208 Fed. vii) and the Act of February 26, 1919, amending section 269 of the Judicial Code (40 Stat. 1181 [Comp. St. Ann. Supp. 1919, § 1246]).

This whole question was fully considered by this court in the recent case of Bilboa v. United States, 287 Fed. 125, decided February 26, 1923. We there said:

"This is an appellate tribunal, constituted and organized to review the rulings of subordinate tribunals, and ordinarily it will not consider an assignment of error, unless based on a ruling of the trial court and an exception duly noted. * * * This rule is not changed or modified by the Act of February 26, 1919, amending section 269 of the Judicial Code, which declares that appellate courts shall give judgment after examination of the entire record, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties. The purpose of this amendment is to prevent reversals based on technical errors which, though properly preserved, do not affect substantial rights, but it does not require the court to decide on the whole record whether exception was taken or not, or overlook defects due to negligence or inattention. * * * It is true that an appellate court may in its discretion notice errors in a trial of a criminal case not properly raised at the trial, when a refusal to do so would shock its judicial conscience and operate as a palpable miscarriage of justice; * * * but this is a power rarely exercised, and never except for the purpose of preventing a judicial wrong."

Measured by this rule, it becomes at once apparent that this case is controlled by the general rule, and not by rule 11, or the amendment of 1919. We announce this conclusion with the less hesitation because an inspection of the record satisfies us that there has been no miscarriage of justice.

The judgment of the court below is affirmed.