### VANCE v. CHAPMAN.

Circuit Court of Appeals, Eighth Circuit.
January 10, 1928.

No. 7664.

1. **Appeal and error** ⚖️694(2)—**Failure of bill of exceptions to show both parties moved for directed verdict prevented consideration of effect of motions.**

Claim that case was taken from jury by motions of counsel on both sides for directed verdict could not be considered, where motion on part of counsel for one party was not found in bill of exceptions.

2. **Appeal and error** ⚖️544(1)—**Bill of exceptions, settled and signed, is indispensable to review court's rulings.**

In actions at law in federal courts, bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings on motions to strike pleadings as well as motions based on evidence or requests for instructions.

3. **Appeal and error** ⚖️499(1)—**Court's ruling on motion for directed verdict held not reviewable on mere entry from clerk's journal appearing in transcript, where no objection or exception was shown by bill of exceptions.**

Propriety of directed verdict for defendant, in suit by receiver of bank on note and to recover stockholder's liability, held not reviewable, where no objection or exception was presented to ruling by bill of exceptions, notwithstanding entry from clerk's journal appearing in transcript, which showed granting of motion and plaintiff's objection and exception.

4. **Appeal and error** ⚖️499(1)—**Review held limited to matters raised by bill of exceptions, irrespective of statute preventing reversal for technical errors (Judicial Code, § 269, as amended by Act Feb. 26, 1919 [28 USCA § 391]).**

Judicial Code, § 269, as amended by Act Feb. 26, 1919 (28 USCA § 391), providing court shall give judgment on appeal after examination of entire record, without regard to technical errors, held not to permit consideration of rulings, to which objection or exception was not shown by bill of exception, especially where it did not appear there was any miscarriage of justice.

5. **Appeal and error** ⚖️212—**In absence of objection to granting of directed verdict only, sufficiency of evidence could be considered on appeal.**

In absence of objection and exception to action of court in granting directed verdict, appellate court could only consider whether evidence supported verdict.

6. **Banks and banking** ⚖️250(5), 287(4)—**Evidence held to sustain verdict in bank receiver's suit on note, and to enforce stockholder's liability, that note sued on was given bank for accommodation, and that defendant was not liable as stockholder.**

In suit by receiver of bank on note and to recover as for stockholder's liability under claim that note was given for stock, evidence held to sustain verdict for defendant, based on defense that note was given bank for accommodation, and that defendant was not a stockholder of the bank.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Suit by L. M. Vance, receiver of the National Bank of Commerce in Shawnee, Okl., against W. L. Chapman. Judgment for defendant, and plaintiff brings error, and applies for certiorari. Certiorari denied, and judgment affirmed.

Charles E. Wells and Paul F. Cooper, both of Shawnee, Okl., for plaintiff in error.

W. L. Chapman, of Shawnee, Okl., and Embry, Johnson & Tolbert, of Oklahoma City, Okl., for defendant in error.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and OTIS, District Judges.

VAN VALKENBURGH, Circuit Judge. Plaintiff in error, receiver of the National Bank of Commerce in Shawnee, Okl., brings suit against defendant in error on two causes of action; the first, to recover on a promissory note for the principal sum of $5,646.66, and, the second, to recover as for stockholder's liability on 50 shares of the capital stock of said bank. The answer admitted the execution of the note, but alleged that it was made for accommodation of the bank, and was without consideration; denied that defendant in error was a stockholder in said bank; and, in general, denied all allegations of the petition not specifically admitted. For reply the receiver averred that the defendant in error, knowingly permitted his name to remain on the books as a stockholder; that the depositors and creditors relied upon the ownership of the stock, and the liability thereon fixed by law; that defendant in error is therefore estopped from denying ownership; also from denying liability on the note sued on, for the reason alleged, that it was given as the purchase price in whole or in part of said stock.

It appears that for some years prior to September 24, 1923, there were doing business in Shawnee, Okl., the Caldwell State Bank, organized under the laws of Oklahoma, and the National Bank of Commerce of Shawnee, organized under the Acts of Congress. Defendant in error owned five shares of stock, of the par value of $100 per share, in the Caldwell State Bank. The officers of these two banks were substantially the same—one M. L. Caldwell and his two sons, Jess M. Caldwell and Russell Caldwell, acting as such. On or about September 24, 1923, the National Bank of Commerce in Shawnee was organized and took over the assets and liabilities of the two banks just described. April 26, 1924, the National Bank of Commerce in Shawnee was declared insolvent by the Comptroller of the Currency, and plaintiff in error duly succeeded as its receiver.

At the trial, upon the first count, plaintiff in error introduced the note sued on. Defendant in error testified that the same was entirely without consideration, and made for the accommodation of the bank at the instance of some of its officers, who assured him that he would not be called upon to pay it. In this contention he was corroborated by his secretary and stenographer, who was present when the note was presented for signature, and detailed the conversation between defendant in error and the cashier of the bank to the effect that the note was for the bank's accommodation. The receiver was able to introduce no testimony in contradiction. There was, however, testimony that on or about August 15, 1923, defendant in error made a note for the sum of $5,500, in like manner for the accommodation of the bank. This note was subsequently marked "paid," and the note in suit thereafter was executed; the amount of the first note being augmented in the second note by what would have been interest on the first note for the period between August and December. It was further shown that the National Bank in Shawnee was organized with a capital stock of $100,000 and surplus of $20,000. It was inferentially claimed by the receiver, therefore, that the $5,500 represented by the note, added to the five shares of stock which defendant in error formerly owned in the Caldwell State Bank, was the purchase price of the 50 shares of stock in the National Bank of Commerce in Shawnee of which defendant in error was claimed to be the owner.

Upon the second cause of action plaintiff in error introduced in support thereof a stock certificate book of the bank, one of the stubs of which reads as follows:

"Certificate No. 32; 50 shares issued to W. L. Chapman, dated September 25, 1923. Transfer —— and date ——. No. original shares surrendered —— and so on. And received certificate No. 32 for 50 shares."

Also the testimony of one Estill, president of the bank, that in conversations with defendant in error the latter had stated that he was a stockholder in the National Bank of Commerce of Shawnee, of which the National Bank of Commerce in Shawnee is successor. The amount of such stockholding was not stated. This witness, on cross-examination, was shown to be under conviction for an offense growing out of the failure of the bank; admitted that, although president of the bank, he never saw the stock book in question, and had no knowledge that defendant in error was a stockholder, if he was, other than the alleged admission to which he testified. Defendant in error had never attended a stockholder's meeting within the knowledge of this witness. This is all the evidence on the

part of the receiver in support of the second count. Russell Caldwell, vice president of the bank, and Jess M. Caldwell, cashier, were called as witnesses by the receiver, but refused to testify concerning the stock book and the note under claim of immunity. It was shown that Russell Caldwell was under indictment for offenses involving this stock transaction among others. The entry on the stock book was shown to be in the handwriting of the witness Russell Caldwell.

This entry showed no receipt for the stock certificate by defendant in error. The certificate itself was not produced. Chapman testified that he had never subscribed for any stock; had received no certificate therefor, and had no knowledge of this entry on the stock book of the bank, nor that he was considered a stockholder; that he had never attended a meeting of the stockholders, nor been notified so to do; that he had never stated to the president of the bank, nor any one else, that he was a stockholder; that, at the time he signed the notes in question, no mention had been made of his becoming a stockholder as a consideration for the making of the notes. In this statement he was corroborated by his secretary. At the close of all the testimony the court instructed a verdict in favor of defendant in error upon both counts.

The only errors assigned are thus condensed by counsel for plaintiff in error in the brief: "The court erred in sustaining the defendant's motion to instruct the jury to return a verdict in favor of defendant, and in taking the case from the jury and instructing them to return a verdict in favor of the defendant."

[1–3] In the assignment of errors as filed complaint was made also to the action of the court in overruling the motion of counsel for plaintiff in error for an instructed verdict in favor of plaintiff. Defendant in error still insists upon the effect of such action as taking the case from the jury and submitting the issue of fact to the judgment of the court. However, plaintiff in error states that this assignment was due to the inadvertence of counsel who did not participate in the trial, and, inasmuch as such a motion on the part of plaintiff in error is not found in the bill of exceptions, the point must be disregarded. It thus appears that the only error assigned is to a ruling of law occurring in the course of the trial, and not a part of the record proper. At the outset we are met with a motion to dismiss on the ground that plaintiff in error does not present by bill of exceptions any objection or exception to such ruling of the trial court. For the same reason, it is insisted that the judgment should be affirmed. "In federal courts in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings on motions, oral or written, to strike out pleadings, as well as rulings on motions based on the evidence, or requests for instructions." Chicago Great Western Ry. Co. v. Le Valley (C. C. A. 8) 233 F. 384; Pomeroy's Lessee v. Bank of Indiana, 1 Wall. 592–599; Young v. Martin, 8 Wall. 354–356, 19 L. Ed. 418; Michigan Insurance Bank v. Eldred, 143 U. S. 293, 298, 299, 12 S. Ct. 450, 36 L. Ed. 162; Rodriguez v. United States, 198 U. S. 156–165, 25 S. Ct. 617, 49 L. Ed. 994; Ghost v. United States (C. C. A. 8) 168 F. 841; Ana Maria Sugar Co. v. Quinones (C. C. A. 1) 251 F. 499–504; Franklin County v. Furry (C. C. A. 7) 144 F. 663, 664; Adams v. Shirk (C. C. A. 7) 121 F. 823; Western Dredging & Improvement Co. v. Heldmaier (C. C. A. 7) 116 F. 179–184.

The bill of exceptions tendered by plaintiff in error, settled and signed by the judge who tried the case, contains neither objection nor exception to the action of the court in sustaining the motion of defendant in error for a directed verdict. Counsel for plaintiff in error point to an entry from the clerk's journal of the proceedings which appears in the transcript or record proper as follows: "The defendant presents his evidence and proof and rests, and the plaintiff presents evidence and proof in rebuttal and rests, and the taking of evidence is closed. Thereupon the defendant moves for directed verdict in his behalf, and, the court being duly advised in the premises, it is ordered that said motion be and the same is sustained and exceptions allowed the plaintiff. Thereupon, the jury, by direction of the court, returns its verdict as follows, to wit: (etc.)", as bringing the errors complained of before this court in due form, but moves, if the court should think otherwise, that a writ of certiorari be granted to the trial court directing it to return a true and complete record, including the exception taken by plaintiff in error to the action of the trial court in sustaining the defendant's motion for a directed verdict, and the action of the court in directing that verdict. This motion is resisted.

In Chicago Great Western Railway Company v. Le Valley, supra, this court said: "Exceptions to the rulings of the court in the course of the trial of a case, exceptions to the rulings of the court upon motions condition-

ed upon the evidence, may be made a part of the record by a bill of exceptions certified and signed by the judge, but the clerk of the court may not make them part of the record by writing them into his minutes or journal of the proceedings"—citing Young v. Martin, 8 Wall. 354, 19 L. Ed. 418, wherein the Supreme Court said: "It is no part of the duty of the clerk to note in his entries the exceptions taken, or to note any other proceedings of counsel, except as they are preliminary to, or the basis of, the orders or judgment of the court. To be of any avail, exceptions must not only be drawn up so as to present distinctly the ruling of the court upon the points raised, but they must be signed and sealed by the presiding judge. Unless so signed and sealed, they do not constitute any part of the record which can be considered by an appellate court."

This is a familiar and established rule of practice in the federal courts. In Pomeroy's Lessee v. Bank of Indiana, supra, this language is used: "Such an entry in the minutes can only be regarded as evidence of the right of the party seasonably to demand a bill of exceptions, but it is not the same thing, and has never been so considered in the federal courts, or in any other jurisdiction where the rules and practice of the common law prevail."

In Adams v. Shirk, supra, it was held that a bill of exceptions cannot be amended at a term subsequent to that at which it was filed, in order to correct an omission due to the party's own neglect or oversight. Franklin County v. Furry, supra, is to the same effect.

In Hanna v. Maas, 122 U. S. 24, 7 S. Ct. 1035, 30 L. Ed. 1117, the court said: "Minutes of the judge or clerk, or notes of a stenographer, cannot take the place of a bill of exceptions, but are only memoranda by the aid of which one may afterwards be drawn up. (Citing cases.) The exceptions must be drawn up and settled in proper form in the court below, and cannot be amended or redrafted in this court."

Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162, is directly in point. There a bill of exceptions was signed by the judge before the adjournment of his term. The writ of error was sued out and entered in the Supreme Court. In that bill certain exceptions were omitted. Later, the same judge, upon the application of plaintiff's attorneys, amended this bill to show the omitted exceptions. After the bill had been amended accordingly, the judge signed it nunc pro tunc, and ordered it to be

thus filed as of the day the original bill of exceptions was signed and filed. In the Supreme Court the plaintiff in error moved for a writ of certiorari to bring up the record of these later proceedings. After holding that, after the term had expired, without the court's control over the case being reserved, all authority of the trial court to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, was at an end, the Supreme Court said: "The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of and the exceptions taken to them, belongs to the excepting party, and not to the court; the trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed. Hanna v. Maas, 122 U. S. 24 [7 S. Ct. 1035, 30 L. Ed. 1117]. Any fault or omission in framing or tendering a bill of exceptions, being the act of the party and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk in recording inaccurately or omitting to record an order of the court might be. In re Wight, 134 U. S. 136 [10 S. Ct. 487, 33 L. Ed. 865]. The writ of certiorari prayed for must therefore be denied, and the case must be determined upon the original bill of exceptions."

While this rule was predicated upon the action of the trial court taken at a later term when it had lost control of the case, the Supreme Court did not confine its ruling to that situation. It said: "By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court, unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties." See, also David Weinstein v. Randolph Laughlin et al. (C. C. A. 8) 21 F.(2d) 740, opinion filed September 6, 1927, and cases there collected.

[4] Plaintiff in error next appeals to section 269 of the Judicial Code, as amended (Annotated Stat. 1919 Supplement, § 1246 [28 USCA § 391]), which provides that: "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to tech-

nical errors, defects, or exceptions which do not affect the substantial rights of the parties."

The Circuit Court of Appeals for the Ninth Circuit in Landsberg v. San Francisco & P. S. S. Co., 288 F. 560, and Bilboa v. United States (C. C. A.) 287 F. 125, has thus well stated the effect and aim of this legislation: "The purpose of this amendment is to prevent reversals based on technical errors which, though properly preserved, do not affect substantial rights, but it does not require the court to decide on the whole record whether exception was taken or not, or overlook defects due to negligence or inattention. * * * It is true that an appellate court may in its discretion notice errors in a trial of a criminal case not properly raised at the trial, when a refusal to do so would shock its judicial conscience and operate as a palpable miscarriage of justice; * * * but this is a power rarely exercised, and never except for the purpose of preventing a judicial wrong."

The same view is taken in the Seventh Circuit in Haywood v. United States (C. C. A.) 268 F. 795, and by this court in Rich v. United States (C. C. A.) 271 F. 566–570.

It is our judgment, therefore, that the application for certiorari must be denied, and that the case must be determined upon the bill of exceptions filed and the exceptions therein preserved. No other course is permissible under the established rules of federal practice. As said by this court in Grader et al. v. United States, 21 F.(2d) 513, filed August 26, 1927: "In the review of trials at law upon writs of error this is a court for the correction of erroneous rulings of the court below only."

[5, 6] In the absence of objection and exception to the instruction of the court of which complaint is made, we are permitted to consider only whether there was sufficient evidence to justify and support the verdict and judgment. We have no hesitation in saying that the evidence under the law, applicable, at least greatly preponderated in favor of defendant in error, and that no miscarriage of justice is apparent. The following cases support this conclusion: Fourth Street Bank v. Yardley, 165 U. S. 634–653, 17 S. Ct. 439, 41 L. Ed. 855; Scott v. Armstrong, 146 U. S. 499–507, 13 S. Ct. 148, 36 L. Ed. 1059; First National Bank of Duncan v. Anderson (C. C. A. 8) 141 F. 926; Hatch v. Johnson Loan & Trust Co. (C. C.) 79 F. 828; Yardley v. Clothier (C. C. A. 3) 51 F. 506; Peterson v. Tillinghast (C. C. A. 6) 192 F. 287; Cherry v. City National Bank (C. C. A. 8), 144 F.

587; Rankin v. City National Bank, 208 U. S. 541, 546, 547, 28 S. Ct. 346, 52 L. Ed. 610; Hanover Nat. Bank v. First Nat. Bank (C. C. A. 8) 109 F. 421–425; Skud v. Tillinghast (C. C. A. 6) 195 F. 1–5; 7 Corpus Juris, 843, par. 830; Keyser v. Hitz, 133 U. S. 138, 10 S. Ct. 290, 33 L. Ed. 531; Matteson v. Dent, 176 U. S. 521–525, 20 S. Ct. 419, 44 L. Ed. 571; Hodge v. Cushing (C. C. A. 5) 285 F. 158; Foote v. Anderson (C. C. A. 3) 123 F. 659.

Upon the entire record we think the judgment should be affirmed, and it is so ordered.