## MURRAY HOSPITAL v. RASMUSSEN, Collector of Internal Revenue.

Circuit Court of Appeals, Ninth Circuit.
November 18, 1929.

No. 5860.

T. J. Walker and C. S. Wagner, both of Butte, Mont., for appellant.

Wellington D. Rankin, U. S. Atty., and Arthur P. Acher, Asst. U. S. Atty., both of Helena, Mont. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. As will appear from the opinion on a former appeal, the principal question in this case is whether the entire sum of $100,000, there mentioned, was paid on account of the purchase price of capital stock of the corporation, or whether $57,200 of that amount was an ordinary and necessary expense, paid and incurred during the taxable year in carrying on the trade and business of the corporation, or was a loss sustained by the corporation during the taxable year, not compensated for by insurance or otherwise. We there held that the complaint was sufficient in form and substance to show that the $57,200 was either an ordinary and necessary expense or a loss, and reversed the judgment of the trial court. Murray Hospital v. Rasmussen, 20 F.(2d) 29. After the case was remanded, an answer was filed, and the case came on for trial before a jury. At the close of all the testimony, the court directed the jury to return a verdict in favor of the defendant, and from a judgment on the verdict this appeal was prosecuted.

■ At the threshold of the case, the appellant is met with the objection that no exception was reserved to the instruction of the court directing a verdict in favor of the adverse party, and for that reason the ruling of the court is not subject to review in this court. That such is the general rule in the federal courts is well settled. Smith v. Hop-

kins (C. C. A.) 120 F. 921; Landsberg v. San Francisco & P. S. S. Co. (C. C. A.) 288 F. 560; Vance v. Chapman (C. C. A.) 23 F. (2d) 914; Saunders System of Colorado Springs, Colo., v. Kelley (C. C. A.) 30 F. (2d) 520.

The appellant invokes the rule that a court will review a ruling not excepted to, in order to prevent a plain or palpable miscarriage of justice. The rule thus invoked has usually been applied in criminal cases, but, assuming that it applies in civil cases as well, there is little room for its application here. The testimony offered by the appellant utterly failed to show that the entire deduction claimed was either an ordinary expense or a loss, within the meaning of the law, and we find no substantial basis in the testimony for an apportionment or segregation of the $100,000, which was nominally paid for the stock alone.

The judgment is affirmed.