## BROWN v. CARVER et al.
### No. 218.

Circuit Court of Appeals, Second Circuit.
Dec. 4, 1930.

Thomas J. Blake, of New York City, for appellants.

Edward G. Lowry, Jr., of Boston, Mass., and Lowenthal, Hirsch & Whit, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

Brown sued Carver and another at law in the District Court for the Eastern District of New York upon a contract for professional services as a lawyer, and the defendants answered. The cause came on for trial before a judge and jury; Brown testified to his retainer and to the value of his services, and called a witness in his support. At the close of his case, the defendants moved "to dis-

miss the complaint on the ground that the plaintiff had failed to prove facts sufficient to constitute a cause of action." This the judge denied, and the defendants took no exception. They then went into their own proof, at the conclusion of which they again moved "to dismiss the claim on the ground that the plaintiff has failed to establish the cause of action." The judge again denied the motion and the defendants again did not except. At the conclusion of the plaintiff's address to the jury the defendants for a third time made a motion "to dismiss the complaint," of which the judge appears not to have disposed. Thereupon after some talk about computing interest, the following colloquy took place: "Mr. Blake: I move to renew my motion to dismiss the complaint on the ground that my opponent has conceded that my testimony is true and that my testimony was" (that) "there was never any intention on Mr. Brown's part to demand pay in this case. The Court: The summation has not been taken down. That is not on the record. In view of the fact that the summation has not been taken down, motion denied. Mr. Blake: Exception." Nothing besides appears.

The jury found a verdict for the plaintiff on which judgment was entered, and the defendants appealed. They filed four assignments of error, first, to the denial of the motion to dismiss at the close of the plaintiff's case; second, to the examination of two of their witnesses by the court; third, to the refusal of the court to dismiss the complaint because of the plaintiff's admission in his address to the jury; fourth, to the court's refusal to dismiss at the close of the evidence.

█ The first assignment is too clearly bad to delay us. A defendant who goes to his own proof may not assign as error a refusal to dismiss at the close of the plaintiff's case. Columbia & P. S. R. Co. v. Hawthorne, 144 U. S. 202, 12 S. Ct. 591, 36 L. Ed. 405; Union Pac. R. Co. v. Daniels, 152 U. S. 684, 14 S. Ct. 756, 38 L. Ed. 597; Sigafus v. Porter, 179 U. S. 116, 21 S. Ct. 34, 45 L. Ed. 113.

█ The third assignment is also bad for defect in the bill of exceptions. The reason given by the judge was wrong, since the "record" to which he referred was only the shorthand notes, which at common law did not exist. Had the defendants wished to incorporate any part of the proceedings outside the roll into the bill of exceptions, they were bound then to secure some minute of them, and in modern times the shorthand notes are usually treated as the equivalent of the

judge's own notes. We cannot assume that the judge's remark is equivalent to a certificate that the plaintiff had made any such admission as the defendants asserted.

 The fourth assignment is the refusal of the judge to dismiss the complaint at the close of the case. Before the Act of February 26, 1919 (section 391, title 28, U. S. Code [28 USCA § 391]), the rule was so well settled that an exception was necessary to secure the review of any ruling made during the course of the trial, that we need only consider those cases which have dealt with the amendment then made to section 269 of the Judicial Code. We held in Storgard v. France, etc., S. S. Corporation, 263 F. 545, that its purpose was to contract, not to enlarge, our powers of review; it was aimed at preventing reversals for minor errors, not to dispense with exceptions. We also so ruled in Buessel v. U. S., 258 F. 811, 829, and Rosen v. U. S., 271 F. 651, 653. That this is the proper construction is confirmed by the report of the House Committee, and it has generally been adopted. Feinberg v. U. S., 2 F.(2d) 955 (C. C. A. 8); Vance v. Chapman, 23 F.(2d) 914 (C. C. A. 8); Standard Oil Co. v. Allen, 50 App. D. C. 87, 267 F. 645; De Jianne v. U. S., 282 F. 737 (C. C. A. 3); Robilio v. U. S., 291 F. 975, 980, 981 (C. C. A. 6). August v. U. S. (C. C. A.) 257 F. 388, and McWhorter v. U. S. (C. C. A.) 299 F. 780, were overruled by Feinberg v. U. S., supra, the first expressly. The Seventh Circuit has indeed construed the statute otherwise [Muentzer v. Los Angeles, etc., Bank, 3 F.(2d) 222], and there is similar language in Sagliuzzo v. Frymier, 15 F.(2d) 749 (C. C. A. 9), though it was unnecessary, because the appeal was in the admiralty. It was moreover contrary to earlier decisions of that circuit. Bilboa v. U. S., 287 F. 125; Landsberg v. San Francisco, etc., Co., 288 F. 560; Deupree v. U. S., 2 F.(2d) 44. Courts have at times relaxed the requirement in criminal cases, and errors appearing upon the face of the judgment roll of course need no exceptions, these being the creation of the Statute of Westminster to bring up what had happened at the trial. So far as we know, the foregoing are the only deviations.

The result seems to make form a fetich, yet it does not always do so. A party who objects to evidence, who challenges its legal effect, or who requests an instruction, does not always mean to press the point; he may merely seek the judge's ruling, and be content when it comes. Many arrows are shot at random in a trial, as every judge of much experience knows very well. Not to reserve the point ordinarily implies an assent to the ruling; to except, that one is not content. If not content, the judge is aware of a challenge; he may, and often does, change his ruling. Certainly he has no reason to do so, if he is justified in supposing that it has been accepted. In some cases the opposite party could not then mend the matter, and it is hard to see the office of an exception. The objector has been deprived of his law, and an appellate court can without danger treat the case as though he had had it. Objections to evidence and erroneous instructions will seldom fall within that class, but motions directed to the sufficiency of the proof often will. The plaintiff may base his claim upon a written instrument or the like; he may concede what is fatal to his case. Even as to them, however, it is frequently impossible to be sure that the successful party might not have supplied what the law required; as for example when there has been only an omission. When the expedient open to the objector is so simple, there seems no good reason to deny his adversary the chance of mending his hold and to impose upon him another trial. In the case at bar we might indeed by examining the bill of exceptions conclude that the defects in the plaintiff's case were not amendable, and perhaps it would be better were we obliged to go so far; but, as things stand, we have not the power, for all kinds of rulings are grouped together. Until it is changed some risk does therefore exist that form may defeat substance, though the instances in which we could relieve the defeated party might well prove so few as not to balance the resulting complication in procedure. Be that as it may, we must await the action of Congress.

 There remains only the second assignment, which reads as follows: "That the court erred in its examination of the defendant Carver and the witness Greene as to the alleged agreement as to compensation which was the basis of the plaintiff's claim herein." Rule 10 requires the appellant in assigning error "to the admission or to the rejection of evidence" to "quote the full substance of the evidence." Whether this assignment is for supposed error in the admission or rejection of evidence, or in the abuse of the court's powers, we do not know, and we are not required to speculate. We have in fact been unable to find an exception, or indeed an objection, in the bill to any questions put by the judge to the two witnesses mentioned. The assignment presents nothing for our review.

The practice of a motion to dismiss or affirm we recognize in this court. National Surety Co. v. Universal Transp. Co., 256 F. 450. Though the assignments present no question on which we could review the judgment, the appeal is in form regular, and the better course is therefore to affirm, notwithstanding that the motion was only to dismiss.

Judgment affirmed.