## McCUING v. BOVAY.
### No. 9397.

Circuit Court of Appeals, Eighth Circuit.
Aug. 1, 1932.

W. A. Leach, of Stuttgart, Ark. (M. F. Elms, of Stuttgart, Ark., on the brief), for appellant.

George C. Lewis, of Stuttgart, Ark., and Wils Davis, of Memphis, Tenn., for appellee.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

In the court below, Mike McCuing was plaintiff and Harry E. Bovay defendant. The plaintiff, who is the appellant here, brought an action at law for money had and received and for damages resulting from the alleged conversion of certain corporate stock. Issues were joined and the case was tried to a jury. The result of the trial was a judgment in favor of the defendant, which was entered upon a directed verdict, as appears from a copy of the clerk's record of the trial which is contained in the transcript. From this judgment, an appeal was taken. The action of the court in directing the jury to return a verdict for the defendant is the only error assigned.

On December 5, 1931, the court below allowed the appeal, and the judge approved what is referred to as "Statement of Evidence." This statement contains no reference to any motion by the defendant for a directed verdict, no reference to a ruling of the court upon any motion for such a verdict, and no reference to any exception to any ruling of the court. On January 7, 1932, there was filed with the clerk of the court below a stipulation, a copy of which appears in the transcript, reading as follows:

"It is agreed by and between the parties hereto that the following, to-wit:

" 'Here the plaintiff announced they rested.

" 'Whereupon the defendant by his counsel, moved the court for an instructed verdict in favor of the defendant. And after the court had retired to chambers with the counsel, the court returned into the court room and announced as follows:

" 'The court will instruct the jury to return a verdict for the defendant.

" 'Whereupon the plaintiff by his counsel, saved exceptions to the action of the court.'

may be added to and become a part of plaintiff's narrative of the evidence in this case with like force and effect as if the same had been incorporated therein at the time the plaintiff's narrative of the evidence was prepared and filed.

"Dated this 5th day of January, 1932.
"[Signed] W. A. Leach,
"Attorney for Plaintiff.
"[Signed] Geo. C. Lewis,
"Attorney for Defendant."

Unless the facts stated in this stipulation can be regarded by us as a part of a bill of exceptions, we are not advised that there was a motion for a directed verdict or a ruling thereon, or that an exception was preserved.

In order to enable this court to review a ruling granting a motion for a directed verdict, two things are indispensable:

First, an exception must have been preserved. Murray Hospital v. Rasmussen, Collector (C. C. A.) 35 F.(2d) 864; Saunders System of Colorado Springs, Colo., v. Kelley (C. C. A.) 30 F.(2d) 520; McFarland v. Central National Bank (C. C. A.) 26 F.(2d) 890; American Smelting & Refining Co. v. Karapa (C. C. A.) 173 F. 607; Landsberg v. San Francisco & P. S. S. Co. (C. C. A.) 288 F. 560; Lindsay v. Burgess, 156 U. S. 208, 15 S. Ct. 355, 39 L. Ed. 399; Smith v. Hopkins (C. C. A.) 120 F. 921; Mexico International Land Co. v. Larkin (C. C. A.) 195 F. 495; Gould & Curry Mining Co. v. Douglass (C. C. A.) 273 F. 681; Vance v.

Chapman (C. C. A.) 23 F.(2d) 914; Brown v. Carver (C. C. A.) 45 F.(2d) 673.

Second, the motion for a directed verdict, the ruling thereon, and the exception to the ruling must be included in a bill of exceptions authenticated by the signature of the trial judge.

"It is a familiar and an established rule of practice of the federal courts that in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings upon motions, oral or written, to strike out parts of pleadings, rulings upon motions based on affidavits or evidence and rulings on written or oral requests for instructions to the jury founded upon evidence." Chicago Great Western R. Co. v. Le Valley (C. C. A.) 233 F. 384, 387. See, also, 28 USCA § 776; Vance v. Chapman, supra; Pistillo v. United States (C. C. A.) 26 F.(2d) 202; Pomeroy's Lessee v. State Bank of Indiana, 1 Wall. 592, 599, 17 L. Ed. 638; Young v. Martin, 8 Wall. 354, 356, 19 L. Ed. 418; Clune v. United States, 159 U. S. 590, 16 S. Ct. 125, 126, 40 L. Ed. 269; Struthers v. Drexel, 122 U. S. 487, 491, 7 S. Ct. 1293, 30 L. Ed. 1216; Malony v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163; a copy of the filed motion to direct a verdict appeared in the transcript. Origet v. United States, 125 U. S. 240, 8 S. Ct. 846, 31 L. Ed. 743; Sire v. Ellithorpe Air-Brake Co., 137 U. S. 579, 583, 11 S. Ct. 195, 34 L. Ed. 801; Metropolitan R. R. Co. v. Columbia, 195 U. S. 322, 25 S. Ct. 28, 49 L. Ed. 219; Krauss Bros. Lumber Co. v. Mellon, 276 U. S. 386, 389, 48 S. Ct. 358, 72 L. Ed. 620; Hildreth v. Grandin (C. C. A.) 97 F. 870; Brown v. Carver, supra; Buessel v. United States (C. C. A.) 258 F. 811; Reilly v. Beekman (C. C. A.) 24 F.(2d) 791; Lindner Packing & Provision Co. v. Kokrda (C. C. A.) 54 F.(2d) 31; Philpott v. Davis (C. C. A.) 291 F. 370; Rosen v. United States (C. C. A.) 271 F. 651; Copper River & N. W. Ry. Co. v. Reeder (C. C. A.) 211 F. 280; Pauchet v. Bujac (C. C. A.) 281 F. 962, 966; Gordon v. United States (C. C. A.) 5 F.(2d) 943; Decosimo v. United States (C. C. A.) 37 F.(2d) 344; Tramel v. United States (C. C. A.) 56 F.(2d) 142; Cummings Construction Co. v. Marbleloid Co. (C. C. A.) 51 F.(2d) 906; Osborn v. United States (C. C. A.) 50 F.(2d) 712; Texas Co. v. Brilliant Mfg. Co. (C. C. A.) 2 F.(2d) 1; Goetzinger v. Woodley (C. C. A.) 17 F.(2d) 83.

■ Even though exceptions are noted in the entries of the clerk, they cannot be considered by this court. "It is no part of the duty of the clerk to note in his entries the exceptions taken, or to note any other proceedings of counsel, except as they are preliminary to, or the basis of, the orders or judgment of the court. To be of any avail, exceptions must not only be drawn up so as to present distinctly the ruling of the court upon the points raised, but they must be signed and sealed by the presiding judge. Unless so signed and sealed, they do not constitute any part of the record which can be considered by an appellate court." Young v. Martin, 75 U. S. (8 Wall.) 354, 357, 19 L. Ed. 418. The sealing of bills of exceptions is no longer necessary, but the authentication by the signature of the judge is required. Krauss Bros. Lumber Co. v. Mellon, supra; Chicago Great Western R. Co. v. Le Valley, supra. In the case last referred to, it appeared that there was a bill of exceptions which contained the evidence at the trial, but made no reference to the motion for a directed verdict or its denial, or to any exception thereto. The transcript, however, contained a copy of the clerk's record of the proceedings, which recited that, in the course of the trial, upon the consideration of the defendant's filed motion, at the conclusion of its evidence, to direct the jury to return a verdict for it, the motion was denied, and the defendant excepted; and a copy of the filed motion to direct a verdict appeared in the transcript. The question was whether, under those circumstances, it was essential to a review of the ruling of the court denying the motion, that the written motion, the ruling of the court, and the exception, should be embodied in the bill of exceptions authenticated by the judge. This court said:

"Exceptions to the rulings of the court in the course of the trial of a case, exceptions to the rulings of the court upon motions conditioned upon the evidence, may be made a part of the record by a bill of exceptions certified and signed by the judge, but the clerk of the court may not make them part of the record by writing them into his minutes or journal of the proceedings."

And further: "And neither the filing of a written motion founded on evidence, nor the recital by the clerk in his record of the proceedings of the trial of a case of such a motion, or of an exception to a ruling upon it, makes them a part of the record in the case, so that an appellate court may review the ruling."

See, also, Copper River & N. W. Ry. Co. v. Reeder, supra, holding that written motions for a nonsuit and a directed verdict, filed with the proceedings during the course of the trial, could not be treated as a bill of exceptions.

where the verity of the court's rulings respecting them, and the allowance of the exceptions, were not authenticated by the judge.

 Since this court is precluded from regarding the clerk's record of proceedings upon a trial, or written motions filed in connection with the proceedings, although referred to in such record, as any part of or substitute for a bill of exceptions, it is obvious that it may not accept a statement as to what occurred at the trial contained in a stipulation of counsel. See Decosimo v. United States, supra.

Disregarding the facts stated in the stipulation, we are left with a record which is limited to "the pleadings, the process, the verdict, and the judgment" (Clune v. United States, supra; Metropolitan R. R. Co. v. Columbia, supra; Reilly v. Beekman, supra), and a statement of evidence, approved by the judge, which might perhaps be regarded as a bill of exceptions, but which, as already pointed out, fails to show any motion, any ruling, or any exceptions.

Under the circumstances, the assignment of error raises no question which we can review upon the record before us, and therefore the judgment must be, and is, affirmed.